**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Reimbursement Solutions LLC, | No. CV-17-01688-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Spring Excellence Surgical Hospital LLC, et al., | |
| Defendants. | |

This action arises out of a series of contracts Defendant Joanna Davis negotiated with Plaintiff Advanced Reimbursement Solutions, LLC (ARS), and signed as Chief Executive Officer of Defendant Spring Excellence Surgical Hospital, LLC (SESH). ARS seeks damages from SESH for either breach of contract and the implied covenant of good faith and fair dealing, or for unjust enrichment. Alternatively, ARS seeks damages from Davis for breaching the implied warranty of authority. Before the Court is SESH's motion to dismiss for lack of personal jurisdiction and improper venue or, alternatively, motion to transfer. (Doc. 22.) The motion is fully briefed. (Docs. 22, 28, 33.) For the reasons stated below, SESH's motion is denied.

**I. Background**

ARS is a third-party medical billing service located in Phoenix, Arizona. (Doc. 18 ¶¶ 1, 12.) The company contracts with medical providers to process and bill out-of-network health insurance claims. (¶ 13.) In August 2016, ARS began discussions with Davis, who represented that she was responsible for the day-to-day management of

SESH. (¶ 15.) At some point thereafter, Davis, purporting to be SESH's CEO, executed the Executive Billing Agreement (EBA) with ARS. (¶¶ 14-33.) SESH directed patient and medical services information to ARS, which began filing medical claims for reimbursement. (Doc. 28-1 ¶¶ 25-26.) In December 2016, ARS began sending invoices to SESH for its services, but SESH refused to pay. (Doc. 18 ¶¶ 43-67.)

ARS and SESH dispute the parties to the EBA. ARS alleges that SESH, through its agent Davis, entered into a contract for its billing services. (¶¶ 16-17.) Pursuant to that contract, ARS was entitled to compensation for its reimbursement claims processing services on behalf of SESH. (¶¶ 28-31.) Alternatively, if Davis did not have the authority to contract on behalf of SESH, ARS argues that SESH nevertheless ratified the contract by accepting approximately $2.78 million in reimbursement claims filed by ARS on its behalf. (Doc. 28 at 8-9.) Under either theory, ARS argues that SESH is subject to the forum selection clause contained within the EBA, under which the parties stipulated to Phoenix, Arizona as the exclusive jurisdiction for actions arising out of the EBA. (*Id.*) In contrast, SESH claims that ARS unreasonably relied on Davis' representations that she was SESH's CEO. (Doc. 22 at 3-4; Doc. 33 at 2-4.) SESH argues that ARS fails to allege facts plausibly demonstrating that SESH held Davis out as an agent with the authority to contractually bind it with ARS. (Doc. 22 at 4.) SESH also argues that it is not subject to the EBA's forum selection clause and it has not consented to jurisdiction in Arizona because it is not a party to the contract. (*Id.* at 2-4.)

**II. Personal Jurisdiction**

**A. Legal Standard**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th

1 Cir. 2011). Moreover, "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotation and citation omitted). Here, the Court takes ARS' allegations as true because none are contradicted by affidavit.

**B. Analysis**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, -- U.S. --, 134 S. Ct. 1115, 1121 (2014); *see also* Fed. R. Civ. P. 4(k)(1)(A). Arizona authorizes courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause of the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a). Thus, courts in this District may exercise personal jurisdiction over a defendant who is not physically present in Arizona if the defendant has sufficient minimum contacts with the State, such that the suit can be maintained without offending traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be general or specific. General personal jurisdiction over a nonresident defendant requires "continuous corporate operations within a state so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 318. Conversely, specific personal jurisdiction exists when a lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colo., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Here, ARS contends only that SESH is subject to specific jurisdiction. (Doc. 28 at 10-11.)

In determining whether specific jurisdiction over an out-of-state defendant exists, the Court applies a three-prong test:

> (1) The non-resident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting

> activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). ARS bears the burden of satisfying the first two prongs. *Id.* at 802. If ARS succeeds, the burden shifts to SESH to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

### 1. Purposeful Availment

ARS has shown that SESH purposefully availed itself of this forum. The purposeful availment prong requires SESH to "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988.) SESH argues that "[b]eyond actions by Davis exceeding her authority, [ARS] directs this Court to no other evidence to tie SESH to Arizona." (Doc. 33 at 6.) This argument, however, overlooks the affidavit of Jeffrey L. Webb, ARS' National Director of Sales, in which he details how SESH sent patient and medical services information to ARS in Arizona. (Doc. 28-1 ¶¶ 25-26.) Based on this information, ARS submitted approximately $2.78 million in reimbursement claims on SESH's behalf. (Doc. 28 at 15; Doc. 18 ¶¶ 44-45, 48-49, 52-53, 56-57, 60-61.) Although SESH argues in its reply memorandum that Webb's affidavit concerns conduct by Davis, SESH fails to offer discovery materials, affidavits, or declarations supporting this point. The Court therefore finds that, by sending patient and medical services information to and accepting reimbursement payments from ARS in Arizona, SESH engaged in sufficient affirmative conduct purposefully availing itself of this forum. *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 860-61 (D. Ariz. 1999) (finding that "by purposefully directing [] letters to residents of Arizona, [defendants] fulfilled the purposeful availment element").

### 2. ARS' Claim Arises Out of SESH's Forum-Related Activities

ARS also has shown that its claims arise out of SESH's contacts with the forum. A claim arises out of a defendant's contacts with the forum when the claim would not have arisen "but for" the defendant's actions in the forum. *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Here, ARS' alleges, at least in part, that SESH was unjustly enriched by receiving $2.78 million in reimbursement claims without paying the invoices for ARS' services. (Doc. 18 ¶¶ 45, 49, 53, 57, 61, 71.) SESH provided ARS patient and medical services information that enabled ARS to process out-of-network reimbursement claims for SESH. But for providing ARS this information, ARS would neither have been able to submit claims on SESH's behalf nor suffered the harm alleged.

### 3. Reasonableness of Exercising Jurisdiction over Defendants

Because ARS has shown that SESH purposefully availed itself of this forum and that its claims arise out of those forum-related contacts, the Court may exercise specific personal jurisdiction unless SESH otherwise demonstrates that it would be unreasonable to do so. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (noting that defendant "must come forward with a compelling case that the exercise of jurisdiction would not be reasonable"). In assessing the reasonableness of jurisdiction, the Court balances seven factors: (1) the extent of defendant's purposeful interjection into the forum state, (2) the burden on defendant, (3) the conflicts of the law between the forum state and defendant's home jurisdiction, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

In its response memorandum, ARS demonstrates that the multifactor balancing test weighs in its favor. (Doc. 28 at 13.) SESH, however, presents no arguments regarding the reasonableness of jurisdiction. Instead, SESH argues only that it is not subject to personal jurisdiction in the forum because Davis was not its agent and therefore could not contractually bind it. (Doc. 22 at 2-4; Doc. 33 at 5-6.) For the reasons

articulated above, however, the Court may exercise specific personal jurisdiction over SESH based on its forum-related contacts regardless of whether it is bound by the EBA. Because SESH has failed to offer a "compelling case" that exercising jurisdiction would be unreasonable, the Court finds that it has specific personal jurisdiction over SESH.

**III. Venue**

SESH also contends that venue is improper in Arizona, both because it is not a party to the EBA and, pursuant to 28 U.S.C. § 1391(b), Texas is the proper venue. (Doc. 22 at 4-5; Doc. 33 at 7.) ARS argues, however, that venue is proper in Arizona under either § 1391(b)(2) or (b)(3). (Doc. 28 at 15-16.) The Court finds that venue is proper in the District of Arizona.

Venue in federal court is governed by § 1391(b), which states in relevant part that an action may be brought in:

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, provision (b)(3) is inapplicable because there is at least one other district—the Southern District of Texas—in which this action could be brought. Nevertheless, pursuant to (b)(2), venue is proper in Arizona because a substantial part of the events or omissions giving rise to the claims occurred in Arizona. *See Texmo Oil Co. Jobbers, Inc. v. Y Travel LLC*, No. 13-cv-8290, 2014 WL 2617248, at *2 (D. Ariz. June 12, 2014) ("[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."). As previously discussed, SESH directed patient information and medical claims documents to Arizona in order for ARS to perform work on its behalf. Moreover, ARS employees processed these reimbursement claims in and submitted them

from Arizona.[1]

**IV. Conclusion**

For the foregoing reasons, the Court finds that it has specific personal jurisdiction over SESH, and that venue is proper in this District. Because the Court's findings are based on SESH's forum-related contacts, it need not prejudge the applicability of the forum selection clause contained within the EBA or whether an agency relationship exists between SESH and Davis.

**IT IS ORDERED** that SESH's motion to dismiss for lack of personal jurisdiction and improper venue or, alternatively, motion to transfer (Doc. 22) is **DENIED**.

Dated this 12th day of October, 2017.

Douglas L. Rayes
United States District Judge

---

[1] SESH notes that the Court has discretion to transfer a case to a different venue if warranted by the convenience of the parties and witnesses, and if such a transfer would promote the interests of justice. (Doc. 22 at 4.) SESH fails, however, to develop this argument. Indeed, SESH does not even cite 28 U.S.C. § 1404(a) as a basis for its motion. The Court therefore does not address whether the Southern District of Texas is a more convenient forum.