**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Reimbursement Solutions LLC, | No. CV-17-01688-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Spring Excellence Surgical Hospital LLC, et al., | |
| Defendants. | |

On August 22, 2018, the Court issued an order staying this matter because one of the parties, Defendant Joanna Davis ("Davis"), was involved in bankruptcy proceedings in Texas. (Doc. 165.) It was the Court's understanding, at the time this order was issued, that the parties were in the process of seeking an order from the bankruptcy judge in Texas that would authorize a lift of the stay. *Id.* Thus, the Court ordered the parties "to notify the Court within ten days after the bankruptcy stay has been lifted so a conference call can be scheduled to set new deadlines." *Id.*

The parties have now filed a series of pleadings (Docs. 171, 172, and 176) addressing recent developments in the Texas bankruptcy case. Unfortunately, those pleadings reveal a factual disagreement about what has occurred. According to Plaintiff Advanced Reimbursement Solutions LLC ("ARS"), the Texas bankruptcy judge authorized a lift of the stay "for the limited purposes of: (a) allowing the parties to the District Court Case to conduct discovery, including deposing the Debtor, and (b) authorizing the District Court to rule on ARS's Motion for Partial Summary Judgment

currently pending in the District Court Case." (Doc. 171-1 at 3.) Meanwhile, Defendant Spring Excellence Surgical Hospital LLC ("SESH") contends the Texas bankruptcy judge only authorized a lift of the stay with respect to SESH's pending motion (Doc. 149) to transfer this case to Texas. (Doc. 172 at 4 ["[T]he SESH Orders authorize stay relief first as to the venue transfer motion while expressly prohibiting discovery as to the Debtors."].)

As the stay-related pleadings were being filed, there was another significant development: ARS and Davis filed a stipulated motion to dismiss Davis as a defendant in this case. (Doc. 173.) On November 19, 2018, the Court issued an order granting this motion and dismissing as to Davis. (Doc. 175.)

The Court finds that, because Davis has now been dismissed as a party, there is no need to resolve the parties' dispute about the scope and nature of the recent order(s) issued by the Texas bankruptcy court. The Court's August 22, 2018 stay order was premised on Davis's status as a party. Because she's no longer a party, the stay should be lifted in all respects.

Accordingly,

**IT IS ORDERED** that the stay imposed on this case (Doc. 165) is lifted.

**IT IS FURTHER ORDERED** that the response to the Motion to Transfer Venue (Doc. 149) is due by December 21, 2018. The Reply is due within the time set by the Local Rules.

**IT IS FURTHER ORDERED** that an Order setting a further Rule 16 conference before the undersigned will follow.[1]

…
…
…
…
…
…

---

[1] To the extent the parties seek to conduct this conference telephonically, that request is denied.

1     **IT IS FURTHER ORDERED** that the Court will not set a deadline for SESH to file a response to the Motion for Partial Summary Judgment (Doc. 97) until after hearing from the parties, at the Rule 16 conference, concerning whether additional discovery and depositions are needed for SESH to prepare its response.

    Dated this 7th day of December, 2018.

Dominic W. Lanza
United States District Judge