**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Reimbursement Solutions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Spring Excellence Surgical Hospital LLC, et al., <br><br> Defendants. | No. CV-17-01688-PHX-DWL <br><br> **ORDER** |

Pending before the Court is Defendant Spring Excellence Surgical Hospital LLC's ("SESH") motion for an extension of time to complete certain discovery (Doc. 193), which Plaintiff Advanced Reimbursement Solutions LLC ("ARS") opposes (Doc. 195). As explained below, the motion will be denied.

**BACKGROUND**

This case was filed in May 2017. (Doc. 1.) The original scheduling order established a discovery cutoff date of June 15, 2018, and a dispositive motion deadline of July 16, 2018. (Doc. 58.) At SESH's request, the Court later extended these deadlines by two months, moving the discovery deadline to August 15, 2018, and dispositive motion deadline to September 17, 2018. (Doc. 91.)

In June 2018, ARS filed a motion for partial summary judgment. (Doc. 97.) In response, SESH filed a motion under Rule 56(d) seeking leave to conduct six depositions before responding to the motion. (Doc. 121.) The Court granted this request, giving SESH until September 15, 2018, to complete the specified depositions and 14 days from

completion of the depositions to file its response to ARS's partial summary judgment motion. (Doc. 135.)

On August 22, 2018—about three weeks before the September 15, 2018 discovery deadline was set to expire—the Court issued an order staying the case because one of the parties was involved in a bankruptcy proceeding. (Doc. 165.) However, on December 7, 2018, the Court lifted the stay because the individual involved in the bankruptcy proceeding was no longer a party in this case. (Doc. 178 at 2.) The Court also informed the parties that it would "not set a deadline for SESH to file its response to the pending summary judgment motion until after hearing from the parties, at the Rule 16 conference, concerning whether additional discovery and depositions are needed for SESH to prepare its response." (*Id.* at 3.)

Before the Rule 16 case management conference, the parties filed a joint case management report. (Doc. 187.) In it, ARS argued that SESH should have until March 29, 2019, to complete the six depositions, while SESH argued that it should have until September 30, 2019, to complete the six depositions. (*Id.* at 7-9.)

On January 23, 2019, the Court held a case management hearing. (Doc. 188.) During this hearing, the Court noted that the original discovery deadlines had already expired and that the case was already more than a year-and-a-half old. Thus, the Court ruled that SESH would need to complete the six depositions by March 29, 2019, and file its response to the partial summary judgment motion by April 12, 2019. (Doc. 189 at 2 ["[T]he six depositions . . . shall be completed earlier than the otherwise-applicable fact discovery deadline of April 26, 2019—those six depositions must be completed by March 29, 2019."].) The Court further advised SESH during the hearing that, to the extent it was considering a change in counsel, the Court would not view such a change as providing good cause to alter the new deadlines.

**DISCUSSION**

In its motion, SESH requests a one-month extension of the March 29, 2019 deadline for completing the depositions of non-parties Joanna Davis and Devorshia Russell. (Doc.

193.) SESH asserts that an extension is warranted because (1) the two witnesses are only available to be deposed on one day (March 7, 2019) before the deadline expires, and each is only available for three hours on that day, and (2) its new Arizona counsel "lacks a complete file from prior counsel" and is thus unable to provide assistance to the local Texas counsel who will be conducting the depositions. (*Id.*)

ARS opposes the extension request. (Doc. 195.) ARS argues the request should be denied because (1) SESH dragged its feet when attempting to schedule the depositions and hasn't taken adequate steps to secure the witnesses' attendance, (2) ARS's previous concerns related to the deponents' time constraints have diminished, and (3) SESH's local counsel in Texas has been involved in this case since at least August 2018 and is well equipped to handle the depositions, and the Court previously warned SESH that a change in counsel would not justify a deadline extension. (*Id.*)

The Court agrees with ARS's arguments and will deny SESH's motion. Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Rule 16's good-cause standard "primarily considers the diligence of the party seeking the amendment. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

SESH isn't entitled to relief under this standard because it hasn't established that it acted with diligence when attempting to schedule the depositions. To the contrary, the exhibits attached to ARS's opposition suggest that SESH has displayed a lack of diligence. Soon after the Court issued its revised scheduling order, ARS began prodding SESH to lock down a date for the depositions. (Doc. 195-1 at 4-5 [February 7, 2019 email from ARS's counsel seeking to "discuss . . . scheduling of the depositions"].) A week and a half later, SESH announced that Davis and Russell were available for depositions on March 7 and 8, 2019, respectively. (Doc. 195-1 at 3 [February 18, 2019 8:01 am email from SESH's counsel].) A few days later, ARS sought confirmation of "the times that the depositions

will begin on March 7 and March 8." (Doc. 195-1 at 2.)  In response, SESH stated for the first time that the depositions were actually going to take place on the same day and that each witness was only available for three hours: "We have set them both for the 7th, with Russell starting at 8:30 and Davis going immediately after.  Notably, I have been informed that Russell needs to leave by noon and Davis needs to be done by 3:00 pm . . . ." (*Id.*) And in a subsequent email exchange, SESH stated that it couldn't guarantee that ARS's counsel would have any time to ask follow-up questions during the three-hour deposition blocks.  (Doc. 195-1 at 8-9 ["I cannot assure that we will have enough time to complete our questioning at this point much less have time for yours."].)

      The Court recognizes that it is sometimes difficult to identify a convenient date for deposing an out-of-state non-party witness.  Nevertheless, SESH had plenty of time to do so here—the scheduling order afforded SESH 65 days to complete the depositions.  Furthermore, the Court made it abundantly clear, during the scheduling conference, that the March 29, 2019 deposition deadline was a firm deadline.  Thus, although Davis and Russell may be making things difficult on SESH (it strains credulity to believe that each witness was only available for a single three-hour block of time between January 2019 and March 2019), SESH could have avoided any timing issues by taking prompt, formal steps to subpoena them—thereby subjecting them to the Court's enforcement power if they attempted to play games concerning their availability—once the scheduling order was issued.  Its failure to do so amounts to a lack of diligence.

      Accordingly, **IT IS ORDERED** that SESH's motion for an extension of time to complete certain discovery (Doc. 193) is **DENIED**.

      Dated this 6th day of March, 2019.

Dominic W. Lanza
United States District Judge