**THORPE SHWER, P.C.**
Sara R. Witthoft (No. 023521)
Matthew St. Martin (No. 034037)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: switthoft@thorpeshwer.com
msmartin@thorpeshwer.com
Email: docket@thorpeshwer.com

*Attorneys for Plaintiff*
*Advanced Reimbursement Solutions, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Reimbursement Solutions, LLC, a Delaware limited liability company,<br><br>                              Plaintiff,<br>vs.<br><br>Spring Excellence Surgical Hospital, LLC, a Texas limited liability company,<br><br>                              Defendant. | NO. 2:17-cv-01688-DWL<br><br>**ADVANCED REIMBURSEMENT SOLUTIONS, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

Pursuant to the Court's Order entered on February 6, 2020 finding Advanced Reimbursement Solutions, LLC ("ARS") entitled to an award of its reasonable attorneys' fees in accordance with Section 12(e) of the parties' Exclusive Healthcare "Out of Network" Claims Billing Agreement ("Billing Agreement") (Doc. 98-4 at 22), ARS submits this Motion in support of its request for fees in the amount of $522,588.60, which were reasonably and necessarily incurred in this matter. This Motion is supported by the following memorandum of points and authorities, the accompanying verified Bill of Costs in the amount of $3,178.85, and the accompanying declarations of undersigned counsel and Tyler Grim.

9141727

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND**

ARS filed suit against Defendant Spring Excellence Surgical Hospital, LLC ("Defendant") in May 2017 asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (Doc. 1)[1] ARS and Defendant entered into the Billing Agreement, a binding contract, no later than September 26, 2016. (Doc. 215 at 7-8) Pursuant to the Billing Agreement, ARS was the exclusive provider of out-of-network claims services for Defendant and agreed to timely recover amounts owed to Defendant by insurance providers in exchange for a percentage of the amounts ARS recovered. (Doc. 98-4 at 15, 18) The parties agreed that ARS would bill Defendant monthly for amounts owed based on recovery and that Defendant would pay ARS no later than ten business days after the date of the invoice. (*Id.* at 18) If Defendant failed to timely remit payment, ARS was entitled to charge a late fee. (*Id.*)

ARS performed its obligations under the Billing Agreement by preparing and filing medical claims with providers for reimbursement. (Doc. 98-2 at 49) Accordingly, ARS sent invoices to Defendant between approximately December 1, 2016 and December 1, 2017. (Doc. 98 ¶ 46; Doc. 98-6 at 2-15; Doc. 224-1 at 3-24). Defendant never sent any payment to ARS on the invoices. (Doc. 98 ¶ 47 Doc. 98-2 at 49)

On June 8, 2018, ARS filed a motion for partial summary judgment as to the breach-of-contract and unjust enrichment claims. (Doc. 97) On May 10, 2019, the Court granted ARS' motion as to Defendant's liability on the breach-of-contract claim.

---

[1] At the time of filing the complaint (and prior to undersigned counsel), ARS was represented by Schian Walker PLC. Undersigned counsel substituted in as counsel of record for ARS in December 2018. (Doc. 181) Undersigned counsel and Matthew St. Martin, an associate attorney with Thorpe Shwer, P.C., contacted Cody Jess, who was a partner at the now-defunct Schian Walker PLC and lead counsel when that firm represented ARS, to request that Mr. Jess sign a declaration undersigned counsel had prepared in support of the request for an award of attorney fees charged by Schian Walker in this matter. Mr. Jess declined to provide such declaration. In lieu of a declaration from Mr. Jess, ARS submits herewith a declaration by former Schian Walker associate, and now Senior Counsel at ARS, Tyler Grim. To the extent the Court requires an evidentiary hearing relating to fees charged by Schian Walker, ARS requests an opportunity to subpoena Mr. Jess for such hearing.

2

9141727

1  (Doc. 215).  On May 31, 2019, ARS filed a motion for partial summary judgment
2  limited to the measure of damages on its breach-of-contract claim.  (Doc. 224)  On
3  February 6, 2020, the Court granted ARS' motion for partial summary judgement on
4  damages and ordered ARS entitled to an award of reasonable attorneys' fees in
5  accordance with Section 12(e) of the parties' Billing Agreement.  (Doc 234)

## II.  ARGUMENT AND AUTHORITY

### A. ARS Is Entitled to An Award of its Attorneys' Fees Pursuant to Section 12(e) of the Billing Agreement Between the Parties.

As discussed, the Court ordered ARS entitled to an award of reasonable attorneys' fees in accordance with Section 12(e) of the parties' Billing Agreement. (Doc. 234 at 13)  A contractual provision for attorney fees will be enforced according to its terms.  *Chase Bank of Arizona v. Acosta*, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (App. 1994).  Such provisions "should be given a broad meaning rather than a narrow and restrictive one."  *Kammert Bros. Enters. v. Tanque Verde Plaza Co.*, 102 Ariz. 301, 308, 428 P.2d 678, 685 (1967).

The underlying Billing Agreement between ARS and Defendant provides: "If any legal action . . . is brought in connection with this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees, accounting fees, and other costs incurred in that action or proceeding, in addition to any other relief to which it may be entitled." (Doc. 98-4 at 22.)

### B.  The Requested Fees Were Reasonably Incurred in this Action.

The accompanying declarations of undersigned counsel and Mr. Grim attest to the reasonableness of the requested fees.  To be abundantly conservative in this request, ARS has eliminated from its request all fees incurred in the preparation of this Motion and its accompanying filings.  Undersigned counsel has also taken care to eliminate any unnecessary or duplicative time entries.

THORPE SHWER, P.C.

3

9141727

ARS incurred $522,588.60 in attorneys' fees in this matter arising from Defendant's breach of the Billing Agreement. This amount is supported by the declaration of undersigned counsel (attached as <u>Exhibit A</u>), the Declaration of Tyler Grim (attached as <u>Exhibit B</u>), and detailed itemization of services rendered in this case (attached as Exhibit 1 to Exhibit A and Exhibit B, respectively). A copy of ARS' engagement letter with Thorpe Shwer, P.C. is attached to undersigned counsel's declaration as Exhibit 2, and a copy of ARS' engagement letter with Schian Walker is attached hereto as <u>Exhibit C</u>. The amount requested is reasonable under the circumstances.

Reasonable attorneys' fees include charges that "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (Ariz. App. 1983). Courts assess the reasonableness of the fees incurred by considering: (1) the agreed upon hourly billing rate between the lawyer and the client, and (2) the type of legal services provided including the date of service, the attorney providing the service, and the time spent providing the service. *Id.*; *see also* L.R.Civ. 54.2(c)(3) (articulating 13 factors the Court should consider). Considering these factors, the fees that ARS incurred and actually paid were reasonable.

The novelty and difficulty of the questions presented in this lawsuit were not inherently heightened. At its core, this was a breach of contract case. However, following Defendant's failure to make timely payment under the Billing Agreement, ARS was forced to heavily litigate the issue. Similarly, this case possessed a certain level of "undesirability" based on its eventual course. Defendant forced ARS to engage in lengthy motion practice on multiple dispositive motions, non-dispositive motions, and discovery disputes. ARS was also forced to deal with issues stemming from parties in bankruptcy, enhancing the time and work required to litigate the case.

The case required significant time and labor. Counsel for ARS expended over 1,700 hours of work in this case. Beyond the significant time and work required in

similar litigation, Defendant consistently asserted theories and took actions that protracted litigation. Defendant filed a Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. 22) that required significant briefing. After the Court denied Defendant's motion, Defendant renewed its Motion to Transfer (Doc. 149) in the face of a valid and enforceable forum selection clause contained in the Billing Agreement. In its renewed motion, Defendant relied on a cursory argument that the Court had already addressed and disposed of, that the signor of the Billing Agreement did not have authority to bind Defendant and therefore Defendant could not be bound by the Billing Agreement or the forum selection clause therein. ARS defeated that argument at every turn and eventually obtained all relief that it sought. ARS litigated this matter as efficiently as possible. After Defendant filed an answer to ARS' complaint, ARS filed its first motion for partial summary judgment in hopes of reaching a resolution quickly.

ARS' counsel is comprised of experienced commercial litigators. (*See* Ex. A. at ¶ 8; Ex. B at ¶ 7). That experience was necessary here as counsel was required to review and analyze thousands of documents, respond to multiple dispositive motions prior to obtaining relief, and to navigate the issues resulting from contemporaneous bankruptcy proceedings. The fees and costs incurred directly relate to work performed on this matter, and did not involve any extraneous matters unrelated to obtaining relief necessitated by Defendant's breach of the Billing Agreement. The fees incurred by ARS are customary in complex commercial such as this (Ex. A at ¶ 7; Ex. B at ¶ 6). ARS recovered all of the damages it sought from Defendant.

Counsel has represented ARS in other cases. Further, ARS employed counsel in this matter for a quick resolution and expected the same due to the significant amounts that it was owed under the Billing Agreement. Counsel worked under that expectation and succeeded.

ARS contracted with its counsel to pay hourly fees for work performed. (*See* Fee Agreement attached to Ex. A as Exhibit 2, and Ex. C attached hereto). Although counsel cannot point to any specific work it was precluded from undertaking because of its

5

9141727

representation of ARS in this case, this case required significant time and work beyond that of an ordinary case. This case required coordination with multiple parties, some of which are out of state, and was not without obstacles. In one instance, ARS' counsel flew from Phoenix to Houston, Texas to attend a properly noticed deposition, but opposing counsel did not travel to Houston for the deposition. (Doc. 206) The Court addressed that situation and imposed sanctions, but the situation is indicative of the unnecessary course of this protracted litigation.[2] (Doc. 208) Additionally, as stated above, ARS was required to litigate multiple motions filed by Defendant prior to filing its ultimately successful motions for summary judgment. Defendant contested this lawsuit vigorously at every turn, requiring ARS's counsel to dedicate significant time and work in succeeding on its claims. Based on the foregoing, the fees that ARS incurred were necessary and reasonable given the circumstances.

### III. CONCLUSION

For the foregoing reasons, ARS respectfully requests that the Court award ARS attorneys' fees in the amount of $522,588.60 and post-judgment interest thereon at the rate set by 28 U.S.C. § 1961, and taxable costs in the amount of $3,178.85.

Attached to this motion as Exhibit D is undersigned counsel's Statement of Consultation. A proposed form of judgment is attached as Exhibit E.

DATED this 20th day of February 20, 2020.

THORPE SHWER, P.C.

By */s/ Sara R. Witthoft*
　　Matthew St. Martin
　　Sara R. Witthoft
　　Attorneys for Plaintiff
　　*Advanced Reimbursement Solutions, LLC*

---

[2] It should be noted that such sanctions have not been paid.

6

9141727

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2020, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, to the following CM/ECF registrants:

Matthew Kelly, Esq.
Kevin McCoy, Esq.
KELLY MCCOY, PLC
340 E. Palm Lane
Phoenix, Arizona 85004
mkelly@kelly-mccoy.com
KMcCoy@kelly-mccoy.com
*Attorneys for Defendant Spring Excellence Surgical Hospital, LLC*

By: /s/ *Joanne Granville*
An Employee of Thorpe Shwer, P.C.

7

9141727