| | | | |
|---|---|---|---|
| 3/13/2019 | Sara Witthoft | 5.00 | 1,625.00 | Email to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.3); emails from and to Doug Lowden regarding [redacted for privilege]s (.2); analyze case status, upcoming deadlines, and consider next steps (.9); meeting with Andrea Marconi regarding case status, upcoming deadlines, and next steps (1.3); read and consider email from Matt Kelly regarding scheduling Dr. Baig's deposition and SESH's Rule 30(b)(6) representative, and regarding re-engagement in mediation/settlement discussions and telephone call (voicemail) to Kelly regarding same (.4); consider issues with respect to service of subpoenas duces tecum on Vadim, Collect Rx, and Texas Summit Medical and confer with Andrea Marconi regarding same (.5); review curriculum vitae for Stan Panis with respect to potential engagement as expert for damages and industry standards issues, and telephone call (voicemail) to Panis regarding same (.6); telephone call from Panis regarding same and follow up email to Doug Lowden regarding [redacted for privilege] (.5); online research relating to potential expert recommended by Stan Panis (.3). |
| 3/14/2019 | Andrea Marconi | 1.90 | 712.50 | Further evaluate strategy and issues regarding expert witness on rates, industry standards and damage issues (.4); evaluate strategy regarding separation of Dr. Baig and SESH 30(b)(6) depositions and ordering of same as well as other deposition strategy issues (.2); review and exchange correspondence with Mr. Lowden [redacted for privilege] (.2); repeated correspondence with counsel for SESH regarding upcoming depositions and SESH agreement to accept service for Dr. Baig (.2); further assess settlement and mediation strategy issues after renewed communications from Mr. Kelly regarding same (.4); telephone call with Mr. Kelly to discuss settlement and mediation issues (.3); further evaluate response strategy in light of communication (.2). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 3/14/2019 | Sara Witthoft | 2.60 | 845.00 | Meeting with Andrea Marconi to discuss strategy with respect to expert witness retention, subpoenas duces tecum, and scheduling depositions of Dr. Baig and SESH's Rule 30(b)(6) representative (.7); several emails to and from Brian Kilmer and Matt Kelly regarding scheduling and logistical issues related to depositions of Dr. Baig and SESH's Rule 30(b)(6) representative (.6); telephone call (voicemail) to Daniel S. Levy regarding potential engagement as expert witness (.2); read and consider email from Matt Kelly proposing mediation with Bob Hackett prior to April 12 deadline for SESH's response to motion for partial summary judgment and consider strategy and other issues related thereto (.5); telephone call (voicemail) to Matt Kelly (.2); confer with Andrea Marconi regarding telephone call from Matt Kelly with respect to mediation proposal (.4). |
| 3/15/2019 | Carmen Boubek | 0.40 | 52.00 | (Paralegal) Analyze documents from Texas Corporation Commission regarding stat agent for Vadim |
| 3/15/2019 | Carmen Boubek | 0.70 | 91.00 | (Paralegal) Continue to prepare privilege log |
| 3/15/2019 | Andrea Marconi | 1.30 | 487.50 | Telephone conference with clients [redacted for privilege](.7); attention to issues regarding difficulties in serving Vadim representatives and assess potential next steps in light of same (.2); attempted call to and draft detailed correspondence to Mr. Kelly with response to request for mediation (.2); research alternative service addresses that could be used for Vadim subpoena (.2). |
| 3/15/2019 | Sara Witthoft | 0.60 | 195.00 | Teleconference with Doug Lowden and Tyler Grim regarding [redacted for privilege] |
| 3/18/2019 | Carmen Boubek | 2.20 | 286.00 | (Paralegal) Finalize privilege log |
| 3/18/2019 | Andrea Marconi | 1.70 | 637.50 | Evaluate update on service of subpoenas to billing companies and assess alternative forms of service to general partner for Vadim (.3), including potential certified mail and Fed Ex (.2); review and evaluate summary of communication with potential expert witness and further analyze strategy and issues regarding scope of expert testimony needed and potential witnesses for same, including potential company witnesses whether in fact or expert capacity (1.0); review and exchange detailed communications with client [redacted for privilege](.2). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 3/18/2019 | Sara Witthoft | 0.80 | 260.00 | Research regarding service of process on terminated entity and confer with Andrea Marconi regarding same with respect to service of subpoena duces tecum on Vadim (.5); consider issues related to noticing depositions of Dr. Baig and SESH's Rule 30(b)(6) representative (.3). |
| 3/18/2019 | Sara Witthoft | 2.50 | 812.50 | Teleconference with Dan Levy regarding potential engagement as expert witness (.4); prepare memorandum regarding points discussed (.4); follow up email to Levy to provide contact information (.1); confer with Andrea Marconi regarding teleconference with Levy (.2); confer with Bill Thorpe and Andrea Marconi regarding[redacted for privilege] (.5); follow up email to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.9). |
| 3/19/2019 | Andrea Marconi | 1.60 | 600.00 | Telephone call with counsel for Vadim to discuss subpoena and response to same (.2); follow up correspondence with Vadim counsel regarding protective order and other subpoena response issues (.1); conduct additional research for potential expert witness in case to discuss industry standards of billing rates and other issues (.6); review follow up correspondence from Vadim counsel regarding subpoena and request to narrow and draft detailed response to same (.3); evaluate strategy for next steps and filings after no response from SESH on demand for fees from cancelled depositions (.2); further assess strategy for non retained expert testimony to potentially obtain from client, nature of same and beginning to draft disclosure (.3); review correspondence to client and SESH counsel regarding no payment made on fees demand and next steps (.1). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 3/19/2019 | Sara Witthoft | 4.50 | 1,462.50 | Research regarding disclosure requirements for non-retained expert witnesses and regarding admissibility of non-retained expert testimony with respect to damages for unjust enrichment claim and regarding industry standards to counter defendants' argument that contract rate was unconscionable. (2.9); meeting with Andrea Marconi to discuss strategy with respect to SESH's failure to deliver payment for fees and costs incurred with respect to cancelled depositions, disclosure of non-retained expert witnesses, and next steps (.7); review case management order regarding process for resolution of discovery dispute and email to Brian Kilmer and Matt Kelly regarding same and regarding availability for personal consultation called for thereunder (.4); email to Doug Lowden and Tyler Grim regarding same (.2); review and analyze biographies for potential expert witnesses Lamar Blount, Neal Freeman, Christina Melnyykovych, and Patrice Morin-Resch (.3). |
| 3/20/2019 | Andrea Marconi | 0.20 | 75.00 | Evaluate response from SESH counsel to request for meet and confer after failure to respond to demand for fees and assess related strategy. |

| Date | Name | Hours | Amount | Description |
|------|------|-------|--------|-------------|
| 3/20/2019 | Sara Witthoft | 3.20 | 1,040.00 | Instructions to Carmen Boubek to prepare draft notices of deposition for Dr. Baig and SESH's Rule 30(b)(6) representative and subpoena to Dr. Baig for appearance at said deposition (.2); emails from and to Matt Kelly regarding demand for reimbursement of costs and fees incurred with respect to cancelled deposition and personal consultation requirement under case management order with respect to said discovery dispute (.2); telephone call (voicemail) to Lamar Blount regarding potential engagement as expert witness regarding rate charged and services performed by ARS (.2); telephone call (message) to Christina Melnykovych regarding potential engagement as expert witness regarding rate charged and services performed by ARS (.2); meeting with Victoria Dunne regarding status of document review (.2); meeting with Elisabeth Martini regarding case background and instruction with respect to review of documents produced by SESH (.5); teleconference with Daniel Levy regarding potential engagement as expert witness and follow up email to Doug Lowden and Tyler Grim regarding same (.3); emails from and to Doug Lowden regarding [redacted for privilege] (.2); review case status, upcoming deadlines, and analyze strategy with respect to next steps (.9); review and consider telephone message and follow-up email from Christina Melnykovych regarding potential engagement as expert witness (.3). |
| 3/21/2019 | Carmen Boubek | 1.10 | 143.00 | (Paralegal) Assist with the preparation of Dr. Baig deposition |
| 3/21/2019 | Carmen Boubek | 1.10 | 143.00 | (Paralegal) Assist with the preparation of SESH 30(b)(6) deposition |
| 3/21/2019 | Andrea Marconi | 0.80 | 300.00 | Review and provide comments to draft amended notice of Rule 30(b)(6) deposition for SESH and accompanying documents and evaluate further strategy issues for deposition (.5); review summary of communications with additional potential billing expert and evaluate related strategy issues and potential retention of same as consulting expert (.3). |

| Date | Name | | Description |
|---|---|---|---|
| 3/21/2019 | Sara Witthoft | 2.60 | 845.00 | Teleconference with Christina Melnykovach regarding potential engagement as testifying or consulting expert with respect to reasonableness of rate and value of services provided with respect to unjust enrichment claim (.6); review follow up email correspondence from Melnykovych and exhibits thereto, and prepare memorandum regarding same (.6); confer with Andrea Marconi regarding communication with Melnykovych and potential engagement as consultant (.2); work with Joan Peralta with respect to service of subpoena duces tecum on Collect Rx (.3); telephone calls from and to Lamar Blount (voicemails) (.2); confer with Andrea Marconi and revise notices of deposition of Dr. Baig and SESH's Rule 30(b)(6) representative (.7). |
| 3/21/2019 | Elisabeth Martini | 1.20 | 342.00 | Review affirmative Motion for Summary Judgment in preparation to review documents produced by SESH |
| 3/21/2019 | Elisabeth Martini | 3.40 | 969.00 | Review documents produced by SESH; identify relevant documents for depositions of M. Baig and SESH 30(b)(6) (approx. 250 pages) |
| 3/22/2019 | Andrea Marconi | 0.50 | 187.50 | [redacted for privilege] (.2); analyze summary of communications with Mr. Blount, potential expert and assess potential of same as well as evaluate further issues and strategy regarding working with client to identify either Mr. Webb or Mr. Maldonado as a nonretained expert and assess related disclosure needed (.3). |

| Date | Name | Hours | Description |
|---|---|---|---|
| 3/22/2019 | Sara Witthoft | 2.90 | 942.50 | Teleconference with Lamar Blount regarding potential engagement as consulting or testifying witness with respect to reasonableness of contract rate and value of services provided for unjust enrichment claim (.3); follow up email to Blount forwarding contact information (.1); telephone call from Matt Kelly regarding question with respect to amounts owed on invoices and intent to communicate settlement offer (.2); follow up email to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.2); emails from and to Doug Lowden regarding same (.2); email to Matt Kelly regarding amounts owed on invoices (.2); work with Joan Peralta to prepare acceptance of service for Matt Kelly with regard to subpoena for Dr. Baig's appearance at deposition (.2); teleconference with Doug Lowden and Tyler Grim regarding [redacted for privilege] (.2); email to Matt Kelly forwarding subpoena for Dr. Baig's appearance at deposition and acceptance of service form (.1), email from Matt Kelly forwarding executed acceptance of service and work with Joan Peralta to file same (.2); emails from and to Doug Lowden regarding [redacted for privilege] (.2); email forwarding same to Matt Kelly for settlement discussion purposes (.2); email to Doug Lowden [redacted for privilege](.2); confer with Andrea Marconi regarding teleconference with Lamar Blount (.2); email to Matt Kelly to follow up regarding personal consultation to discuss demand for fees and costs related to late cancelled depositions (.2). |
| 3/25/2019 | Carmen Boubek | 0.90 | 117.00 | (Paralegal) Continue to prepare document tracking chart of all produced materials from parties |
| 3/25/2019 | Andrea Marconi | 0.60 | 225.00 | Review affidavits of service for subpoenas and arrange for filing of same (.1); evaluate further issues and strategy for disclosure of nonretained expert testimony (.2); analyze correspondence with Mr. Kelly regarding meet and confer on demand for fees from cancelled depositions and evaluate next steps if no meet and confer occurs (.1); evaluate strategy for proceeding in light of plaintiff's failure to respond to second and third sets of discovery by agreed upon deadline (.2). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 3/25/2019 | Sara Witthoft | 3.40 | 1,105.00 | Emails from and to Doug Lowden and Jeff Webb regarding [redacted for privilege] (.2); email to Matt Kelly to follow up on personal consultation with respect to discovery dispute pertaining to demand for ARS's fees and costs incurred with respect to cancelled depositions (.2); review prior correspondence with Matt Kelly regarding responses to written discovery served prior to stay, and confer with Andrea Marconi regarding SESH's failure to timely respond by March 22, 2019 as agreed (.3); email to Matt Kelly to follow up regarding said failure to respond to written discovery and regarding agreement to extend deadline for same to March 29, 2019 (.3); email from Matt Kelly proposing tabling of dispute related to demand for fees and costs incurred with respect to late cancelled depositions (.2); prepare for and participate in telephone call with Doug Lowden and Jeff Webb regarding[redacted for privilege] (1.0); teleconference with Doug Lowden and Tyler Grim regarding [redacted for privilege](.5); read and consider email from Matt Kelly refusing to participate in personal consultation with respect to discovery dispute and consider strategy and next steps with respect thereto (.7). |
| 3/25/2019 | Elisabeth Martini | 3.20 | 912.00 | Continue review of documents produced by SESH in order to identify relevant documents/exhibits for depositions of M. Baig and SESH 30(b)(6) (approx. 240 pages) |
| 3/26/2019 | Carmen Boubek | 5.30 | 689.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by parties |
| 3/26/2019 | Andrea Marconi | 0.80 | 300.00 | Review and provide comments to draft of ARS sections for joint position statement regarding demand for attorneys' fees upon cancelled depositions and evaluate email correspondence with client regarding same as well as evaluate related strategy for arguments and proceeding with next steps in dispute (.5); evaluate summary of potential nonretained expert testimony from Mr. Webb and assess issues and strategy regarding same (.3). |

| 3/26/2019 | Sara Witthoft | 3.00 | 975.00 | Emails from and to Tyler Grim and Doug Lowden regarding [redacted for privilege] (.3); prepare Joint Written Summary of Discovery Dispute to be filed with respect to SESH's refusal to pay fees and expenses incurred with respect to late-cancelled depositions (1.5); confer with Andrea Marconi with respect to strategy related thereto and regarding teleconference with Jeff Webb regarding anticipated testimony (.5); emails to and from Matt Kelly regarding brief written summary of discovery dispute, deadline for providing SESH's explanation of its position, and filing of same of March 29 (.2); email to Doug Lowden and Tyler Grim [redacted for privilege] (.2); email to and from Doug Lowden Grim regarding discussion with Greg Maldonado in advance of March 29 expert witness disclosure deadline (.3). |

| 3/27/2019 | Andrea Marconi | 5.20 | 1,950.00 | Further evaluate potential non retained expert testimony that Mr. Webb could offer and compare to possible testimony to request from Mr. Maldonado in preparation for call with Mr. Maldonado today (.2); telephone call with Mr. Maldonado, Messrs. Grim and Lowden, and S. Witthoft to discuss potential nonretained expert testimony from same (.6); follow up discussion with Messrs. Grim and Lowden regarding [redacted for privilege] (.1); prepare strategy for nonretained expert disclosure document (.2); evaluate update from Vadim counsel regarding subpoena response and short extension granted (.1); review and analyze correspondence from SESH with settlement offer and evaluate strategy and recommendations to client regarding same (.6); draft correspondence to client with settlement offer (.1); conduct legal research and further analysis of rules and applicable standards and requirements for nonretained expert witness disclosures, including when same is a hybrid fact witness and employee as well (1.1); telephone call with client and S. Witthoft to discuss SESH settlement offer and strategy for response to same (.5); evaluate issues regarding ARS disclosure of back up information for invoices to support damages and assess additional documents and information needed from client as well as further analysis of additional discovery issues and trial testimony needed on damages (.4); draft correspondence to client regarding [redacted for privilege](.1); begin drafting nonretained expert disclosure for Mr. Maldonado and supplement factual disclosure of expected testimony (1.2). |

| Date | Name | Hours | Description |
|---|---|---|---|
| 3/27/2019 | Sara Witthoft | 3.70 | 1,202.50 | Prepare for and participate in teleconference with Doug Lowden, Tyler Grim, Greg Maldonado, and Andrea Marconi regarding non-retained expert witness testimony and issues related thereto (1.2); teleconference with Doug Lowden, Tyler Grim, and Andrea Marconi regarding case status and issues relating to non-retained expert witness disclosure deadline (.3); telephone calls from and to Forrest Cohrs regarding continuance of deadline for response to subpoena duces tecum served upon Vadim and follow up emails confirming said extension (.4) read and consider correspondence from Matt Kelly proposing settlement offer and confer with Andrea Marconi regarding same and issues related thereto (.8); teleconference with Doug Lowden, Tyler Grim, and Andrea Marconi regarding SESH's settlement offer and issues related thereto (.5); meeting with Andrea Marconi regarding settlement offer and possible counteroffer thereto, and issues related to damages disclosures (.3); review correspondence to and from Doug Lowden and Tyler Grim regarding disclosures for damages (.2) |
| 3/28/2019 | Carmen Boubek | 5.30 | 689.00 | (Paralegal) Continue to prepare tracking chart of documents produced by parties |
| 3/28/2019 | Carmen Boubek | 0.70 | 91.00 | (Paralegal) Analyze ARS invoices to assist with the preparation of supplemental disclosure |

| Date | Name | | | Description |
|---|---|---|---|---|
| 3/28/2019 | Andrea Marconi | 6.50 | 2,437.50 | Continue drafting and supplement expert witness disclosure and supplementation of fact witness disclosure for Mr. Maldonado (.9); draft notice of service of disclosure for court (.1); prepare supplemental MIDP disclosure with additional information and testimony for Mr. Maldonado and Mr. Webb and update and supplement other required damages and other case information, including additional facts and legal theories, including to support Count 5 and additional damages claimed (2.9); evaluate further strategy issues regarding nonretained expert disclosure and supplementing MIDP disclosures in case (.3); assess and further consider potential options for settlement counter-offer (.2); further review documents produced in case supporting damages and invoices and evaluate additional information needed in light of missing documents from SESH and Shian Walker files (.5); further address issues regarding missing documents from SESH production and confer with counsel regarding same (.3); draft correspondence to client[redacted for privilege] (.1); brief review of file of documents that Schian Walker marked as privileged and ascertain issues regarding same, including documents that need to be disclosed and relevant and non-privileged from this group (.3); confer with client regarding [redacted for privilege] (.1); evaluate meet and confer with Mr. McCoy regarding demand for attorneys' fees from deposition and issues related to same as well as settlement offer, and assess strategy for recommendations to client (.2); telephone conference with clients to discuss[redacted for privilege](.6). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 3/28/2019 | Sara Witthoft | 4.10 | 1,332.50 | Confer with Andrea Marconi regarding strategy with respect to disclosure of Greg Maldonado's testimony as non-retained expert witness, and regarding SESH's settlement offer (.4); emails from and to Doug Lowden regarding [redacted for privilege] (.4); review and revise draft disclosure of expert witness testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C) (.4); telephone call from Kevin McCoy for participation in requisite personal consultation regarding discovery dispute pertaining to fees and expenses incurred with respect to late-cancelled depositions and settlement offer (.3); confer with Andrea Marconi regarding SESH's positions with respect to discovery dispute and request for agreement to hold off on filing written summary of discovery dispute in light of settlement offer and strategy regarding same (.3); email to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.7); teleconference with Doug Lowden and Tyler Grim regarding [redacted for privilege] (.9); telephone call (voicemail) to Kevin McCoy to follow up on personal consultation with respect to discovery dispute and request for agreement to hold off on filing same (.2); review and revise sixth supplement to MIDP response (.5). |
| 3/29/2019 | Carmen Boubek | 1.80 | 234.00 | (Paralegal) Continue to prepare tracking chart of documents produced by parties |
| 3/29/2019 | Andrea Marconi | 1.90 | 712.50 | Further evaluate strategy regarding demand for fees from cancelled depositions and timing of filing regarding same (.2); telephone conference with client and S. Witthoft to confirm and discuss settlement counteroffer and related correspondence, disclosures to serve today, and fee demand strategy (.4); further evaluate issues and strategy for fee demand filing and draft correspondence to Mr. Kelly and Mr. McCoy regarding same (.2); revise expert disclosure and supplemental MIDP disclosure to include client comments and make final edits to same along with notices of filing for service and filing today (.5); review SESH's response to 2nd RFAs served today (.1); incorporate new admissions into supplemental disclosure (.1); review response communication from Mr. McCoy regarding attorneys' fee demand and evaluate next steps for filing in light of same (.2); review and provide comments to revised draft of joint written summary of discovery dispute concerning fee demand (.2). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 3/29/2019 | Sara Witthoft | 4.90 | 1,592.50 | Email to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.2); review email from Matt Kelly regarding SESH's responses to second set of requests for admission (.2); review SESH's responses to second set of requests for admission and review revised sixth supplement to MIDP in light thereof and confer with Andrea Marconi regarding same (.4); teleconference with Doug Lowden and Tyler Grim [redacted for privilege] (.3); email to SESH's counsel regarding same (.5); review emails from Doug Lowden regarding[redacted for privilege] (.3); review email from Kevin McCoy regarding response to request to hold off on filing written summary of discovery dispute and forwarding SESH's position (.3); revise and finalize written summary of discovery dispute (1.5); and emails from and to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.2); emails from and to Matthew Kelly regarding final written summary of discovery dispute and authority to sign and file same (.2); begin to prepare letter rejecting SESH's settlement offer and proposing counteroffer of settlement (.8). |
| 4/1/2019 | Carmen Boubek | 2.30 | 299.00 | (Paralegal) Prepare tagged hot docs for attorney analysis |
| 4/1/2019 | Carmen Boubek | 0.50 | 65.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by parties |
| 4/1/2019 | Andrea Marconi | 0.70 | 262.50 | Address issues concerning Collect Rx subpoena response after contact made by company (.2); evaluate change to settlement counter made by client and further assess strategy for correspondence conveying same (.2); review court order setting hearing on attorneys' fee demand concerning depositions (.1); review and provide comments to draft letter with settlement counteroffer (.2). |
| 4/1/2019 | Sara Witthoft | 2.40 | 780.00 | Prepare letter to SESH's counsel rejecting settlement offer and proposing counteroffer of settlement as well as issues of which SESH should be aware in considering same (1.8); email to Tyler Grim and Doug Lowden [redacted for privilege] (.2); review minute entry order setting telephonic hearing on discovery dispute and email to Tyler Grim and Doug Lowden regarding [redacted for privilege] (.2); confer with Andrea Marconi regarding strategy related to said hearing (.2). |
| 4/2/2019 | Carmen Boubek | 4.50 | 585.00 | (Paralegal) Continue to prepare documents produced tracking chart |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/2/2019 | Carmen Boubek | 0.20 | 26.00 | (Paralegal) Prepare documents for production with plaintiff's 6th supplemental disclosure |
| 4/2/2019 | Andrea Marconi | 0.70 | 262.50 | Review and evaluate revised version of settlement counteroffer letter and communications with client regarding same (.2); brief review and analysis of documents produced by Collect Rx and provide thoughts on same to client (.5). |
| 4/2/2019 | Sara Witthoft | 2.20 | 715.00 | Confer with Andrea Marconi regarding revisions to draft letter rejecting SESH's settlement offer and proposing counteroffer and email to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.3); emails from and to Doug Lowden regarding[redacted for privilege](.3); finalize and transmit said letter to Matthew Kelly and Kevin McCoy (.5); review and analyze documents produced by Collect Rx in response to subpoena duces tecum and email to Doug Lowden and Tyler Grim regarding initial thoughts with respect to same (1.1). |
| 4/3/2019 | Carmen Boubek | 4.30 | 559.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by parties |
| 4/3/2019 | Andrea Marconi | 1.30 | 487.50 | Assess further and refine strategy for today's argument on attorneys' fee issue (.3); attend telephonic hearing on attorneys' fee request (.3); call with client to discuss same and ruling (.1); call with Mr. Kelly to discuss same and upcoming settlement conference call (.2); evaluate related strategy for same (.2); correspondence to client regarding today's order and upcoming settlement conference call requested by SESH (.1); review and exchange communications with Mr. Kelly regarding upcoming settlement conference discussion (.1). |
| 4/3/2019 | Sara Witthoft | 2.10 | 682.50 | Review and consider email from Doug Lowden regarding[redacted for privilege] (.2); prepare for telephonic hearing on discovery dispute (.8); participate in telephonic hearing on discovery dispute (.3); follow up telephone call to Doug Lowden regarding[redacted for privilege](.2); telephone call from Matt Kelly regarding request that counsel participate in teleconference with Terry Fokas to discuss ARS's counteroffer of settlement (.2); review minute entry order awarding sanctions and review email from Doug Lowden [redacted for privilege] (.2); emails from and to Matt Kelly confirming teleconference with Terry Fokas scheduled for April 8 (.2). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/4/2019 | Carmen Boubek | 3.50 | 455.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by parties |
| 4/4/2019 | Andrea Marconi | 0.90 | 337.50 | Confer with client regarding [redacted for privilege] (.1); evaluate disclosure and production methods for additional claim files and confer with Mr. Lowden regarding [redacted for privilege] (.2); evaluate further strategy for upcoming discussion with Mr. Fokas on settlement (.2); assess strategy for next steps in case, including following up on subpoenas and outstanding discovery responses from SESH as well as final disclosure and discovery deadline (.2); telephone call with counsel for Vadim regarding subpoena response issues (.2). |
| 4/4/2019 | Sara Witthoft | 0.40 | 130.00 | Review correspondence with Doug Lowden regarding[redacted for privilege] (.2); email to Matt Kelly and Kevin McCoy regarding payment of sanctions ordered (.2). |
| 4/5/2019 | Carmen Boubek | 2.70 | 351.00 | (Paralegal) Continue to analyze documents produced by parties for preparation of track chart |
| 4/5/2019 | Andrea Marconi | 0.30 | 112.50 | Evaluate next steps in case to conclude discovery before deadline and assess related strategy issues, including subpoena follow up and outstanding discovery from SESH, as well as final disclosures (.6). |
| 4/5/2019 | Sara Witthoft | 0.30 | 97.50 | Meeting with Andrea Marconi and Victoria Dunne regarding strategy with respect to follow up on Texas Medical Summit's noncompliance with subpoena duces tecum, follow up with Collect Rx regarding its response to subpoena duces tecum, and follow up with SESH regarding deficient discovery responses and failure to timely respond to third set of requests for production of documents and third set of non-uniform interrogatories (.4). |
| 4/5/2019 | Victoria Dunne | 0.30 | 85.50 | Strategize desired course of action to address inadequate discovery responses by SESH and two associated non-parties that were recently subpoenaed. |
| 4/7/2019 | Andrea Marconi | 0.20 | 75.00 | Work further on evaluating discovery strategy for remainder of discovery period. |
| 4/7/2019 | Sara Witthoft | 0.20 | 65.00 | Email to Matt Kelly to follow up on responses to third set of requests for production and third set of non-uniform interrogatories. |
| 4/8/2019 | Brad Shwer | 0.50 | 187.50 | Assess numerous issues related to summary judgment, settlement, and attorneys' fees motion |

| | | | |
|---|---|---|---|
| 4/8/2019 | Carmen Boubek | 1.90 | 247.00 | (Paralegal) Continue to prepare tracking chart of all documents produced |
| 4/8/2019 | Andrea Marconi | 1.30 | 487.50 | Prepare for and conduct telephone conference with SESH counsel Mr. Fokas, Mr. Kelly, and Mr. McCoy, and S. Witthoft to discuss ARS counteroffer and related settlement issues (.3); evaluate next steps and strategy for providing recommendations to client after same (.3); telephone call with Mr. Lowden regarding [redacted for privilege] (.2); draft correspondence to Mr. Fokas with follow up settlement items (.1); draft written summary of SESH counteroffer for client, including initial recommendations for response (.1); review and evaluate request from client[redacted for privilege] (.3). |
| 4/8/2019 | Sara Witthoft | 1.00 | 325.00 | Teleconference with Andrea Marconi, Kevin McCoy, Matt Kelly, and Terry Fokas regarding SESH's rejection of counteroffer and proposal of further counteroffer of settlement (.3); follow up telephone call to Doug Lowden regarding [redacted for privilege] (.2); review email from Doug Lowden regarding [redacted for privilege](.3); review and consider email from Terry Fokas regarding counteroffer of settlement and information relating to SESH's refinance of hospital equipment (.2). |
| 4/8/2019 | Elisabeth Martini | 2.40 | 684.00 | Continue reviewing documents produced by SESH in order to identify documents for deposition of SESH 30(b)(6) (approx. 500 pages) |
| 4/9/2019 | Andrea Marconi | 0.90 | 337.50 | Review and evaluate written settlement counteroffer and communication from Mr. Fokas (.1); review and exchange numerous emails with client regarding settlement counter and strategy for responding to same (.2); review draft letters to SESH with response and provide comments to same (.2); evaluate next steps in case and strategy in light of client decision to withdraw prior settlement offer with no counter (.3); follow up on efforts to push back on subpoena responses from Collect Rx and Summit (.1). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/9/2019 | Sara Witthoft | 2.80 | 910.00 | Review and consider email from Doug Lowden regarding [redacted for privilege] (.3); confer with Andrea Marconi regarding same (.2); teleconference with Doug Lowden regarding [redacted for privilege] (.3); prepare draft letter to SESH rejecting counteroffer of settlement proposed April 8, 2019 and email forwarding same to Doug Lowden for review (.7); emails from and to Doug regarding [redacted for privilege] (.7); meeting with Elisabeth Martini regarding review of documents produced by SESH and regarding strategy with respect to preparation for depositions of SESH's 30(b)(6) representative and Dr. Baig (.4); confer with Andrea Marconi regarding communications with Doug Lowden and letter to SESH's counsel rejecting counteroffer of settlement (.2). |
| 4/9/2019 | Victoria Dunne | 1.20 | 342.00 | Review and analyze documents produced by Collect RX as well as relevant affidavits of service and entity-representative information in preparation for preparing followup correspondences to Collect RX and Texas Medical Summit regarding subpoena responses. |
| 4/9/2019 | Elisabeth Martini | 0.40 | 114.00 | Meet with S. Witthoft re: discuss status of document review in preparation for deposition of SESH 30(b)(6) and Dr. Baig. |
| 4/9/2019 | Elisabeth Martini | 3.80 | 1,083.00 | Continue review of documents produced by SESH in order to identify possible exhibits for deposition of Dr. Baig and SESH 30(b)(6) (approx. 700 pages) |
| 4/10/2019 | Andrea Marconi | 0.70 | 262.50 | Further evaluate next steps in case and related strategy after settlement exchanges yesterday, including expected reply in support of summary judgment and finalizing all discovery. |
| 4/10/2019 | Sara Witthoft | 0.70 | 227.50 | Confer with Andrea Marconi regarding strategy with respect to next steps in litigation. |
| 4/10/2019 | Victoria Dunne | 4.90 | 1,396.50 | Prepare followup correspondence to Collect RX regarding subpoena responses (1.4); Prepare followup correspondence to Texas Medical Summit regarding subpoena responses (.7); Evaluate SESH's discovery responses for deficiencies to determine whether followup is warranted (2.8). |
| 4/10/2019 | Elisabeth Martini | 3.50 | 997.50 | Continue review of documents produced by SESH in order to identify potential exhibits for SESH 30(b)(6) deposition (approx. 700 pages) |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/11/2019 | Andrea Marconi | 0.80 | 300.00 | Telephone call with Mr. McCoy to discuss settlement issues (.2); further evaluate issues regarding potential settlement (.2); additional telephone call with Mr. McCoy and thereafter evaluate related strategy (.4). |
| 4/11/2019 | Sara Witthoft | 1.10 | 357.50 | Teleconference with Andrea Marconi regarding strategy with respect to pending deadlines for SESH's discovery responses, response to motion for summary judgment, and preparation for depositions of Dr. Baig and SESH's Rule 30(b)(6) representative (.3); review and consider memorandum prepared by Victoria Dunne regarding review of SESH's discovery responses to date for deficiencies (.3); review and consider email from Doug Lowden regarding ability to subpoena financial records relating to SESH's refinancing of equipment line of credit and confer with Andrea Marconi regarding same (.5). |
| 4/11/2019 | Elisabeth Martini | 3.40 | 969.00 | Continue review of documents produced by SESH in order to identify potential exhibits for SESH 30(b)(6) deposition (approx. 700 pages) |
| 4/12/2019 | Sara Witthoft | 3.50 | 1,137.50 | Review case management order with respect to impending deadlines and analyze strategy with respect to same (.5); confer with Andrea Marconi regarding strategy with respect to deadline for participation in good faith settlement talks (.3); review documents and prepare for deposition of Dr. Baig (1.6); read and analyze SESH's response to motion for partial summary judgment (1.1). |
| 4/13/2019 | Andrea Marconi | 1.30 | 487.50 | Preliminary review and analysis of SESH's response in opposition to ARS's motion for partial summary judgment and send to client with thoughts on same, as well as upcoming case deadline to have good faith settlement talks and related issues (.9); review and revise draft follow up letters to Collect Rx and Texas Medical Summit regarding subpoena responses (.4). |
| 4/14/2019 | Sara Witthoft | 2.30 | 747.50 | Review SESH's disclosures and discovery responses and prepare for deposition of Dr. Baig. |
| 4/15/2019 | Carmen Boubek | 1.30 | 169.00 | (Paralegal) Prepare documents for production with ARS 6th supplemental disclosure |
| 4/15/2019 | Carmen Boubek | 1.10 | 143.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by parties |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/15/2019 | Andrea Marconi | 3.70 | 1,387.50 | Conduct further detailed review and analysis of SESH response to motion for partial summary judgment and evaluate preliminary reply arguments (1.4); further evaluate reply strategy and arguments, including confer with S. Witthoft regarding same (.6); telephone call with Mr. McCoy regarding additional settlement and loan information for SESH (.3); review and exchange detailed emails with Mr. Lowden regarding [redacted for privilege] (.3); evaluate legal research needed for reply brief (.2); evaluate particularly testimony to elicit from Dr. Baig during deposition in light of summary judgment response and assess how to try and work testimony into reply in light of judge's order on no evidence in replies (.3); review documents produced by Vadim, LP in response to subpoena (.3); draft correspondence to client regarding [redacted for privilege] (.1); review and evaluate whether there are any grounds for meet and confer with SESH regarding prior discovery responses before discovery deadline (.2). |
| 4/15/2019 | Sara Witthoft | 10.10 | 3,282.50 | Review and consider documents produced by Vadim pursuant to subpoena duces tecum (.3); work with Victoria Dunne regarding letters to Texas Medical Summit and Collect RX with respect to responses to subpoenas duces tecum (.3); review and further analyze SESH's response to motion for partial summary judgment (3.6); prepare for deposition of Dr. Baig (.5); teleconference with Andrea Marconi regarding analysis of SESH's response to motion for partial summary judgment and communications with Kevin McCoy regarding SESH's refinancing of equipment line of credit (.5); meeting with Victoria Dunne regarding research needed for reply in support of motion for partial summary judgment (.3); confer with Andrea Marconi regarding bankruptcy considerations with respect to SESH's willingness to continue to discuss settlement (.5); confer with Victoria Dunne regarding final supplemental disclosures (.2); begin to prepare reply in support of motion for partial summary judgment (3.9). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/15/2019 | Victoria Dunne | 9.00 | 2,565.00 | Finalize subpoena-related correspondences to Collect RX and Texas Medical Summit (.3); Review and analyze SESH's Response in Opposition to ARS's Motion for Summary Judgment and accompanying affidavits (2.3); Review and analyze pertinent legal authority in preparation for preparing memorandum regarding affidavit opposition (4.3); begin preparing memorandum regarding affidavit opposition (2.1). |
| 4/16/2019 | Carmen Boubek | 1.70 | 221.00 | (Paralegal) Continue to prepare documents for production with 6th supplemental disclosure |
| 4/16/2019 | Andrea Marconi | 0.50 | 187.50 | Assess matters regarding claims files provided by client to support contract damages (.2); review follow up correspondence with Collect Rx regarding supplemental document production (.1); assess issues regarding upcoming depositions in light of refusal from SESH to confirm same (.1); analyze correspondence to SESH regarding outstanding discovery responses and failure to pay sanctions award (.1). |
| 4/16/2019 | Sara Witthoft | 6.10 | 1,982.50 | Email to Matt Kelly and Kevin McCoy to follow up on SESH's failure to timely respond to written discovery requests (.2); email to Matt Kelly, Kevin McCoy, and Brian Kilmer to follow up on payment of sanctions awarded to ARS and to confirm appearance of Dr. Baig and SESH's Rule 30(b)(6) representative(s) at depositions noticed for April 22, 2019 (.3); emails from and to Allen Vagheitabar regarding claims files to be produced to support damages claim (.2); continue to prepare reply in support of motion for partial summary judgment (3.9); telephone call (voicemail) from Ike Brenner in response to letter following up on Collect Rx's response to subpoena duces tecum (.2); work with Victoria Dunne regarding follow up with Dr. Brenner and review additional documents produced by Collect Rx (.6); work with Allen Vagheitabar with respect to patient claims files organized by invoice to support damages claim and follow up regarding missing claims files (.4); confer with Victoria Dunne regarding research needed with respect to potential waiver argument relating to SESH's prior material breach defense and regarding classification of complaints regarding negligent processing as tort claim that does not constitute prior material breach of contract (.3). |

| Date | Name | Amount | Hours | Description |
|---|---|---|---|---|
| 4/16/2019 | Victoria Dunne | 1,824.00 | 6.40 | Review and analyze April 15th correspondence, subpoena with attachments, and Collect RX's response in preparation for returning Dr. Brenner's call (.5); Teleconference with Dr. Brenner regarding response to subpoenas (.2); Continue preparing memorandum regarding affidavit opposition (2.3); Exchange multiple correspondence with Dr. Brenner regarding response to Subpoena Duces Tecum (.5); Review and analyze communications produced by Collect RX in preparation for followup and production of the same (2.9). |
| 4/17/2019 | Carmen Boubek | 585.00 | 4.50 | (Paralegal) Continue to prepare documents for production with 6th supplemental disclosure |
| 4/17/2019 | Andrea Marconi | 637.50 | 1.70 | Evaluate further issues and strategy for upcoming SESH depositions (.2); review and evaluate summary of law regarding sham affidavit and ability to use later-acquired deposition testimony to contradict affidavit in reply (.3); begin working to draft reply in support of motion for partial summary judgment (1.2). |
| 4/17/2019 | Sara Witthoft | 2,925.00 | 9.00 | Email to Matt Kelly, Kevin McCoy, and Brian Kilmer to follow up regarding payment of sanctions for late cancelled depositions and to confirm deponents' appearance at depositions scheduled for April 22 (.2); work with Victoria Dunne regarding disclosure of all documents produced by Collect Rx in response to subpoena duces tecum (.2); review and analyze research memorandum prepared by Victoria Dunne regarding ability to controvert Dr. Baig's affidavit with deposition testimony despite case management order's proscription against testimony despite case management order's proscription against including evidence in reply in support of motion for summary judgment (.3); briefly review patient claims files produced by ARS with respect to each invoice issued to SESH so as to support damages claim, and work with Carmen Boubek to bates label and disclose same (.9); work with Carmen Boubek and Victoria Dunne regarding disclosure of documents produced by Collect Rx in response to subpoena dues tecum (.5); analyze documents and issues and prepare for depositions of Dr. Baig and SESH's Rule 30(b)(6) representative, including identification of exhibits to be admitted during said depositions (6.9). |

| | | | |
|---|---|---|---|
| 4/17/2019 | Victoria Dunne | 9.50 | 2,707.50 | Exchange emails with Dr. Brenner regarding provision of subpoenaed documents (.1); strategize disclosure of documents recently obtained by third parties (.6); Review and analyze pertinent legal authority regarding waiver of breach, failure to satisfy a condition precedent, and professional liability as a non-contractual claim (3.8) ; prepare memorandum regarding waiver of breach, failure to satisfy a condition precedent, and professional liability as a non-contractual claim (3.9); Review and analyze pertinent legal authority regarding failure to rebut arguments in the summary judgment context (1.1). |
| 4/18/2019 | Andrea Marconi | 0.60 | 225.00 | Review and evaluate communication from SESH regarding sanctions payment and confirmation of deposition appearance and assess response strategy (.2); evaluate issues and arguments in support of unjust enrichment for reply brief, assess additional fact information needed and confer with client regarding same (.3); review and analyze summary of legal research regarding inapplicability and potential waiver of first material breach argument for use in reply brief (.1). |
| 4/18/2019 | CaSandra Green | 4.60 | 598.00 | Update ARS' Seventh Supplemental Disclosure Statement with documents recently received, and analysis of case file to identify documents and materials to produce as exhibits. |
| 4/18/2019 | Sara Witthoft | 6.50 | 2,112.50 | Review and consider research memorandum regarding SESH's failure to address ratification argument and concession of said argument (.3); confer with Andrea Marconi regarding SESH's argument that ARS should not be entitled to damages on unjust enrichment claim after February 23 or April 23, 2017 and consider evidence to rebut same (.4); read and consider email from Matt Kelly confirming Dr. Baig's appearance at depositions noticed for April 22, sanctions award, and settlement negotiations (.3); review documents and prepare for depositions of Dr. Baig in personal capacity, and as Rule 30(b)(6) representative of SESH (4.4); review and consider Dr. Baig's deposition testimony in EMG litigation (.7); confer with Andrea Marconi regarding strategy with respect to depositions and Matt Kelly's email regarding refusal to pay sanctions until case is resolved (.4). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/19/2019 | Andrea Marconi | 0.70 | 262.50 | Work on deposition strategy issues with S. Witthoft for upcoming depositions of SESH and Dr. Baig (.5); evaluate issues regarding request for earlier payment of sanctions and confer with client regarding same (.2). |
| 4/19/2019 | CaSandra Green | 5.10 | 663.00 | Identify pertinent records, case file documents and additional materials to be reviewed in preparation for and use as exhibits at the upcoming deposition of Mirza N. Baig, M.D. |
| 4/19/2019 | Sara Witthoft | 7.30 | 2,372.50 | Review email from Doug Lowden regarding[redacted for privilege] (.4); emails to and from Doug Lowden regarding SESH's refusal to pay sanctions until case is resolved (.4); confer with Andrea Marconi regarding strategy with respect to depositions of Dr. Baig and Rule 30(b)(6) representative (.7); emails from and to Doug Lowden regarding telephonic appearance at depositions on April 22 (.2); email to Matt Kelly and Brian Kilmer regarding same (.2); review documents and prepare for depositions of Dr. Baig and Rule 30(b)(6) representative (5.4). |
| 4/20/2019 | Sara Witthoft | 4.10 | 1,332.50 | Review documents and prepare for deposition of Dr. Mirza Baig (2.2); review documents and prepare for deposition of SESH's Rule 30(b)(6) representative (1.9). |
| 4/21/2019 | Sara Witthoft | 7.70 | 2,502.50 | Travel to Houston for depositions of Dr. Baig and SESH's Rule 30(b)(6) representative and continue to review documents and prepare for depositions during travel (7.0); continue to prepare for SESH's Rule 30(b)(6) deposition (.7). |
| 4/22/2019 | Andrea Marconi | 6.30 | 2,362.50 | Confer throughout the day with S. Witthoft regarding various matters for today's deposition to assist with same (.4); review and analyze additional legal authority and factual documents for use in reply brief (1.1); continue draft reply brief in support of partial MSJ (4.2); debrief with S. Witthoft regarding today's SESH depositions (.4); evaluate legal research needed to support request to expedite payment of attorneys' fee sanction by SESH and assess related issues (.2). |
| 4/22/2019 | CaSandra Green | 0.80 | 104.00 | Identify pertinent records, case file documents and additional materials to be reviewed in preparation for and use as exhibits at the upcoming deposition of Mirza N. Baig, M.D. |

| Date | Name | Hours | Description |
|---|---|---|---|
| 4/22/2019 | Sara Witthoft | 10.60 | 3,445.00 | Review email from Brian Kilmer regarding availability of speakerphone for Doug Lowden's participation in depositions via telephone and emails to and from Lowden regarding same (.2); travel to and from Brian Kilmer's office and conduct depositions of Dr. Baig in his personal capacity and as Rule 30(b)(6) representative of SESH (8.7); teleconference with Andrea Marconi regarding said depositions and preparation of reply in support of motion for partial summary judgment (.4); review email from court reporter forwarding rough transcripts for said depositions and email forwarding same to Doug Lowden and Tyler Grim for review (.2); continue to draft reply in support of motion for partial summary judgment (1.1). |
| 4/23/2019 | Andrea Marconi | 7.30 | 2,737.50 | Review and analyze deposition transcript for Dr. Baig (1.2); continue drafting reply in support of ARS partial MSJ (4.8); review certain case law cited by SESH in its response to distinguish and rebut same for reply (.5); review request from client for [redacted for privilege] (.2); review response from Texas Medical Summit and assess next steps, including evaluate content for meet and confer letter (.6). |
| 4/23/2019 | CaSandra Green | 6.30 | 819.00 | Continue to update ARS' Seventh Supplemental Disclosure Statement with documents recently received, and analysis of case file to identify documents and materials to produce as exhibits. |
| 4/23/2019 | Sara Witthoft | 10.70 | 3,477.50 | Travel from Houston to Phoenix after taking depositions of Dr. Baig in personal capacity and as SESH's Rule 30(b)(6) representative (7.6); confer with Andrea Marconi regarding arguments to raise in reply in support of motion for partial summary judgment with regard to unjust enrichment and alleged defense of prior material breach (.5); read and consider letter from Texas Medical Summit regarding alleged defects in subpoena duces tecum and refusal to comply with same (.2); emails from and to Doug Lowden regarding [redacted for privilege] (.5); continue to prepare reply in support of motion for partial summary judgment (1.9). |

| | | | |
|---|---|---|---|
| 4/23/2019 | Victoria Dunne | 6.50 | 1,852.50 | Review and analyze pertinent legal authority regarding the question of whether a party concedes a point when they fail to rebut arguments in a dispositive motion (3.2); Review and analyze pertinent legal authority regarding Rule 30 sanction to determine whether payment timing is specified (.5); Begin working on Seventh Supplemental MIDP (2.8). |
| 4/23/2019 | Matt Baltierra | 0.90 | 256.50 | Evaluate federal law and authorities concerning scope of subpoena issued by district court, compliance regarding same as to out of state entities and appropriate objections, including bases for asserting same for use in drafting letter to Texas Medical Summit concerning compliance with ARS subpoena for documents. |
| 4/23/2019 | Matt Baltierra | 0.80 | 228.00 | Prepare initial draft of letter to Texas Medical Summit, Inc. to address objections to subpoena and demand production of subpoenaed documents. |
| 4/24/2019 | Andrea Marconi | 2.50 | 937.50 | Work further on issues regarding meet and confer letter to and objections from Texas Medical Summit regarding subpoena (.1); work on issues concerning final supplemental disclosure and review additional documents to be produced by deadline (.4); analyze issues regarding upcoming deadline for in person good faith settlement talks and assess related strategy (.1); review, revise and supplement draft reply brief in support of partial MSJ for client review (1.5); review and revise draft letter response to Texas Medical Summit regarding subpoena objections (.4). |
| 4/24/2019 | CaSandra Green | 0.50 | 65.00 | Coordinate with TSG Reporting to confirm acceptance of documents received via subpoena. |
| 4/24/2019 | CaSandra Green | 3.90 | 507.00 | Continue to update ARS' Seventh Supplemental Disclosure Statement with documents recently received, and analysis of case file to identify documents and materials to produce as exhibits. |
| 4/24/2019 | Sara Witthoft | 2.30 | 747.50 | Confer with Andrea Marconi regarding revisions to reply in support of motion for partial summary judgment (.3); review and revise reply in support of motion for partial summary judgment (1.0); revise and finalize letter to Adnan Anwar Sheikh with Texas Medical Summit in regard to alleged objections to subpoena duces tecum and refusal to comply with same (.4); work with Tori Dunne on final disclosures (.6). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/24/2019 | Victoria Dunne | 11.40 | 3,249.00 | Review and analyze material portions of file documents in preparation for expanding Seventh Supplemental MIDP (1.2); Prepare witness section of Seventh Supplemental MIDP (3.1); Prepare legal arguments section of Seventh Supplemental MIDP (2.4); Continue working on working on Seventh Supplemental MIDP (4.7). |
| 4/24/2019 | Matt Baltierra | 0.20 | 57.00 | Finish drafting letter to Texas Medical Summit, Inc. to address objections to subpoena and demand production of subpoenaed documents. |
| 4/25/2019 | Brad Shwer | 1.40 | 525.00 | Review draft reply in support of motion for summary judgment |
| 4/25/2019 | Andrea Marconi | 0.50 | 187.50 | Review and revise draft of final disclosure statement. |
| 4/25/2019 | CaSandra Green | 11.60 | 1,508.00 | Continue to update ARS' Seventh Supplemental Disclosure Statement with documents recently received, and analysis of case file to identify documents and materials to produce as exhibits. |
| 4/25/2019 | Sara Witthoft | 1.70 | 552.50 | Review and revise reply in support of motion for partial summary judgment (.9); email forwarding revised version to Doug Lowden and Tyler Grim (.2); emails from and to Doug Lowden regarding [redacted for privilege] (.2); work with Tori Dunne and CaSandra Green with respect to final disclosures (.4). |
| 4/26/2019 | Brad Shwer | 0.90 | 337.50 | Review reply to motion for summary judgment |
| 4/26/2019 | Andrea Marconi | 2.20 | 825.00 | Further work on and revise and supplement final supplemental disclosure statement for client review (1.6); make final edits to reply in support of summary judgment (2); assess response from TMS to subpoena and related strategy (.2); review and revise document production list to append to final disclosure (.2). |
| 4/26/2019 | CaSandra Green | 9.30 | 1,209.00 | Continue to update ARS' Seventh Supplemental Disclosure Statement with documents recently received, and analysis of case file to identify documents and materials to produce as exhibits. |
| 4/26/2019 | Sara Witthoft | 3.90 | 1,267.50 | Emails to and from Doug Lowden regarding [redacted for privilege] (.4); work with CaSandra Green and Victoria Dunne to finalize disclosure statement (2.1); work with Victoria Dunne to double-check all record citations in reply in support of Motion for Partial Summary Judgment (.3); read and consider correspondence from Adnan Shaikh regarding subpoena duces tecum served on Texas Medical Summit and email to Doug Lowden regarding [redacted for privilege] (.6); finalize reply in support of motion for partial summary judgment for filing (.5). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 4/26/2019 | Victoria Dunne | 6.80 | 1,938.00 | Prepare Notice of Service of Seventh Supplemental MIDP Response (.1); Review Motion for Partial Summary Judgment Reply in comparison with the record to determine whether citations require revision (3.9); Review and revise Seventh MIDP Response (2.8). |
| 4/29/2019 | CaSandra Green | 3.20 | 416.00 | Finalize ARS' Seventh Supplemental Disclosure Statement with documents recently received, and analysis of case file to identify documents and materials to produce as exhibits. |
| 4/29/2019 | Sara Witthoft | 0.20 | 65.00 | Email to Matt Kelly regarding hand-delivery of documents disclosed with final supplemental disclosure statement. |
| 4/29/2019 | Victoria Dunne | 2.90 | 826.50 | Continue to review and analyze pertinent legal authority regarding Rule 37, including timing of appealability of sanctions and award of fees in connection with failure to timely comply with civil contempt orders (1.7); Continue preparing memorandum regarding payment of sanctions (1.2). |
| 4/30/2019 | Brad Shwer | 1.00 | 375.00 | Review deposition transcript of Mirza Baig. |
| 4/30/2019 | Sara Witthoft | 0.50 | 162.50 | Review and analyze research memorandum prepared by Victoria Dunne regarding SESH's failure to pay sanctions awarded. |
| 5/1/2019 | CaSandra Green | 2.10 | No Charge | No Charge - Analyze case file and prepare pertinent documents to send to Doug Lowden. |
| 5/3/2019 | Brad Shwer | 1.30 | 487.50 | Correspondence with plaintiff's counsel regarding settlement talks (.2); assess status of dispositive motions, trial setting, and potential for settlement (1.1). |
| 5/3/2019 | Sara Witthoft | 0.40 | 130.00 | Emails from and to Matt Kelly regarding upcoming deadline for participation in good faith settlement talks (.2); email to Doug Lowden and Tyler Grim [redacted for privilege] (.2). |
| 5/7/2019 | Carmen Boubek | 1.10 | 143.00 | (Paralegal) Prepare deposition tracking chart |
| 5/7/2019 | Carmen Boubek | 0.90 | 117.00 | (Paralegal) Continue to prepare document production tracking chart |
| 5/7/2019 | Sara Witthoft | 0.30 | 97.50 | Emails from and to Doug Lowden and Matt Kelly regarding scheduling of good faith settlement talks as required by current scheduling order. |
| 5/8/2019 | Carmen Boubek | 6.40 | 832.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by parties |
| 5/8/2019 | Sara Witthoft | 0.60 | 195.00 | Revise and finalize notice of substitution of counsel (.2); review scheduling order with respect to remaining deadlines and analyze strategy with respect to same (.4). |

| Date | Name | Amount | Description |
|---|---|---|---|
| 5/9/2019 | Carmen Boubek | 546.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by SESH |
| 5/9/2019 | Sara Witthoft | 130.00 | Emails from and to Doug Lowden and Matt Kelly regarding coordination of good faith settlement talks. |
| 5/10/2019 | Brad Shwer | 150.00 | Evaluate Order granting summary judgment to client |
| 5/10/2019 | Carmen Boubek | 507.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by SESH |
| 5/10/2019 | Victoria Dunne | 57.00 | Review and analyze Order granting ARS's Motion for Partial Summary Judgment. |
| 5/13/2019 | Brad Shwer | 450.00 | Develop strategy for potential dispositive motion on damages, as well as review other key settlement and evidentiary issues to identify quickest way to resolve claim while maximizing recovery |
| 5/13/2019 | Carmen Boubek | 26.00 | (Paralegal) Analyze order regarding ARS motion for partial summary judgment |
| 5/13/2019 | Carmen Boubek | 416.00 | (Paralegal) Continue to prepare tracking chart of all documents produced by SESH |
| 5/13/2019 | Sara Witthoft | 682.50 | Read and analyze Judge Lanza's order granting motion for partial summary judgment, review scheduling order, and consider same with respect to potentially seeking leave to file motion for partial summary judgment for damages on breach of contract claim (1.5); email to Doug Lowden and Tyler Grim regarding [redacted for privilege] (.3); emails from and to Doug Lowden regarding[redacted for privilege](.3). |
| 5/13/2019 | Sara Witthoft | 162.50 | Review pending deadlines and analyze strategy and next steps with respect to same (.3); confer with Victoria Dunne regarding strategy and next steps with respect to Texas Medical Summit's refusal to comply with subpoena duces tecum (.2). |
| 5/14/2019 | Carmen Boubek | 416.00 | (Paralegal) Finalize tracking chart of all documents produced by SESH |
| 5/14/2019 | Sara Witthoft | 130.00 | Confer with Tori Dunne regarding strategy and next steps related to Texas Medical Summit's refusal to comply with subpoena duces tecum. |
| 5/14/2019 | Victoria Dunne | 142.50 | Review and analyze prior correspondences and other subpoena-related materials in preparation for preparing correspondence to A. Shaikh regarding Texas Medical Summit's refusal to respond to ARS's subpoena. |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 5/14/2019 | Victoria Dunne | 1.10 | 313.50 | Begin preparing correspondence to A. Shaikh regarding Texas Medical Summit's refusal to respond to ARS's subpoena. |
| 5/15/2019 | Victoria Dunne | 0.80 | 228.00 | Prepare portion of correspondence to A. Shaikh addressing procedural history. |
| 5/15/2019 | Victoria Dunne | 1.60 | 456.00 | Prepare portion of correspondence to A. Shaikh addressing TMS's invalid objections. |
| 5/15/2019 | Victoria Dunne | 0.80 | 228.00 | Prepare portion of correspondence to A. Shaikh addressing TMS's Civil Contempt. |
| 5/16/2019 | Sara Witthoft | 3.30 | 1,072.50 | Review and analyze prior settlement discussion correspondence, analyze amounts owed, attorney fee provision in billing agreement, and prepare for good faith settlement discussions (1.5); emails from and to Doug Lowden regarding [redacted for privilege] (.4); and emails to and from Kevin McCoy regarding same (.2); revise and finalize correspondence to Texas Medical Summit regarding failure and refusal to comply with subpoena duces tecum (.5); meeting with Tori Dunne regarding strategy with respect to motion for leave to file motion for summary judgment on damages on breach-of-contract claim and submittal of amended order with respect to sanctions for late-cancelled depositions (.4); email to Doug Lowden regarding [redacted for privilege] (.3). |
| 5/16/2019 | Sara Witthoft | 1.20 | 390.00 | Travel to and from Matt Kelly's office and participate in good faith settlement talks (1.0); review scheduling order with respect to joint report to be filed acknowledging participation in same (.2). |
| 5/16/2019 | Victoria Dunne | 0.80 | | No Charge - Prepare portion of correspondence to A. Shaikh addressing further action and associated recourse against TMS. |
| 5/16/2019 | Victoria Dunne | 2.30 | | No Charge - Review and revise correspondence to A. Shaikh regarding TMS's failure to comply with ARS's subpoena. |
| 5/17/2019 | Sara Witthoft | 1.70 | 552.50 | Review and revise draft motion and proposed order granting leave to allow ARS to file second motion for partial summary judgment on damages on breach-of-contract claim (.9); review and revise notice of lodging and proposed amended order with respect to sanctions awarded to ARS pursuant to Rule 30(g) (.8). |
| 5/17/2019 | Victoria Dunne | 1.20 | 342.00 | Prepare Notice of Lodging of Proposed Order Requiring SESH to Issue Payment of Sanctions to ARS Within Ten Days. |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 5/17/2019 | Victoria Dunne | 0.50 | 142.50 | Review and analyze pertinent portions or relevant filings and memorandums in preparation for preparing Notice of Lodging of Proposed Order Requiring SESH to Issue Payment of Sanctions to ARS Within Ten Days. |
| 5/17/2019 | Victoria Dunne | 0.40 | | No Charge - Prepare Proposed Order Requiring SESH to Issue Payment of Sanctions to ARS Within Ten Days. |
| 5/17/2019 | Victoria Dunne | 1.20 | 342.00 | Prepare ARS's Expedited Motion for Leave to File One Additional Motion for Summary Judgment. |
| 5/17/2019 | Victoria Dunne | 0.50 | 142.50 | Review and analyze material portions of filings in preparation for preparing ARS's Expedited Motion for Leave to File One Additional Motion for Summary Judgment. |
| 5/17/2019 | Victoria Dunne | 0.40 | 114.00 | Prepare Proposed Order Granting ARS's Expedited Motion for Leave to File One Additional Motion for Summary Judgment. |
| 5/20/2019 | Brad Shwer | 1.10 | 412.50 | Review joint report on good faith settlement talks (.5); review response from opposing counsel and develop response to same (.6) |
| 5/20/2019 | Sara Witthoft | 3.80 | 1,235.00 | Revise and finalize motion for leave to file second motion for partial summary judgment on breach-of-contract damages and notice of lodging order and requesting entry of same with respect to sanctions awarded against SESH, and email forwarding same to Doug Lowden and Tyler Grim for review (.9); review case management order, prepare draft joint report on settlement talks in conformance therewith, and email forwarding said draft report to SESH's counsel (.5); work with Victoria Dunne with respect to procedure to request expedited consideration of motion for leave to file second motion for partial summary judgment (.3); revise notice of request for expedited consideration with respect to said motion for leave (.2); read and consider email from Matthew Kelly regarding joint report on settlement talks (.5); confer with Brad Shwer regarding strategy with respect to response to same (.5); prepare draft email responsive to Matt Kelly's email regarding good faith settlement talks and confer with Brad Shwer, Victoria Dunne, and Tyler Grim regarding [redacted for privilege] (.7); emails from and to Tyler Grim regarding [redacted for privilege] (.2). |
| 5/20/2019 | Victoria Dunne | 0.90 | 256.50 | Prepare Notice of Request for Expedited Consideration of Motion for Leave to File Additional Notion for Partial Summary Judgment. |

| Date | Name | Amount | Hours | Description |
|---|---|---|---|---|
| 5/20/2019 | Victoria Dunne | 85.50 | 0.30 | Provide input on best approach at handling Plaintiff's allegations of bad faith engagement in settlement talks. |
| 5/21/2019 | Brad Shwer | 75.00 | 0.20 | Assess order from court requiring payment of sanctions |
| 5/21/2019 | Sara Witthoft | 227.50 | 0.70 | Meeting with Victoria Dunne regarding preparation of motion for partial summary judgment on damages with respect to breach of contract claim (.3); review order granting request and ordering SESH to pay sanctions awarded within ten days and emails from and to Tyler Grim regarding same (.2); review order granting SESH until May 24 to oppose motion for leave to file second motion for partial summary judgment on damages and email to Tyler Grim regarding [redacted for privilege] (.2). |
| 5/22/2019 | Victoria Dunne | 142.50 | 0.50 | Begin preparing Motion for Partial Summary Judgment Regarding Damages. |
| 5/22/2019 | Victoria Dunne | 456.00 | 1.60 | Prepare "Factual Basis for Summary Judgment" section of Motion for Partial Summary Judgment Regarding Damages. |
| 5/22/2019 | Victoria Dunne | 171.00 | 0.60 | Prepare "Legal Standard" section of Motion for Partial Summary Judgment Regarding Damages. |
| 5/22/2019 | Victoria Dunne | 541.50 | 1.90 | Begin preparing "Legal Analysis" section of Motion for Partial Summary Judgment Regarding Damages. |
| 5/22/2019 | Victoria Dunne | 313.50 | 1.10 | Review and analyze pertinent legal authority regarding the Court's ability to interpret the damage provisions within the Business Agreement as a matter of law in preparation for expanding Motion for Partial Summary Judgment Regarding Damages. |
| 5/23/2019 | Sara Witthoft | 65.00 | 0.20 | Review and consider email from Matt Kelly regarding authorization to sign and file report regarding good faith settlement talks and regarding SESH's intent to make payment for sanctions awarded. |
| 5/23/2019 | Victoria Dunne | 513.00 | 1.80 | Review and analyze material portions of exhibits to previously filed Motion for Partial Summary Judgment in preparation for continuing to prepare "Legal Analysis" section of Motion for Partial Summary Judgment Regarding Damages. |
| 5/23/2019 | Victoria Dunne | 313.50 | 1.10 | Continue preparing "Legal Analysis" section of Motion for Partial Summary Judgment Regarding Damages. |
| 5/23/2019 | Victoria Dunne | 627.00 | 2.20 | Review and analyze Personal Capacity Deposition of Dr. Baig in preparation for expanding Motion for Partial Summary Judgment Regarding Damages. |
| 5/24/2019 | Brad Shwer | 150.00 | 0.40 | Review response to motion for leave to file MSJ (.2); review order from court granting motion for leave to file MSJ on damages (.2) |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 5/24/2019 | Sara Witthoft | 1.30 | 422.50 | Review and consider SESH's response to motion for leave to file second motion for partial summary judgment and email to Tyler Grim regarding [redacted for privilege] (.3); emails from and to Matt Kelly regarding payment of sanctions and authorization to sign and file report on good faith settlement talks (.2); finalize said report for filing (.2); meeting with Victoria Dunne to discuss strategy related to motion for partial summary judgment on damages on breach-of-contract claim (.3); review court's order granting motion for leave to file second motion for partial summary judgment and emails to and from Tyler Grim regarding [redacted for privilege] (.3). |
| 5/24/2019 | Victoria Dunne | 0.10 | 28.50 | Review and analyze SESH's Response in Opposition to Expedited Motion for Leave to File Additional Motion for Partial Summary Judgment in preparation for determining whether to incorporate into Motion for Partial Summary Judgment Regarding Damages. |
| 5/24/2019 | Victoria Dunne | 0.10 | 28.50 | Review and analyze May 24, 2019 Order granting ARS's Expedited Motion for Leave to File Additional Motion for Partial Summary Judgment Regarding Damages. |
| 5/24/2019 | Victoria Dunne | 2.00 | 570.00 | Review and analyze 30(b)(6) Deposition of Dr. Baig in preparation for expanding Motion for Partial Summary Judgment Regarding Damages. |
| 5/28/2019 | Sara Witthoft | 4.80 | 1,560.00 | Telephone call from Tyler Grim[redacted for privilege] (.2); prepare motion for partial summary judgment on damages on breach-of-contract claim (4.6). |
| 5/29/2019 | Brad Shwer | 0.10 | 37.50 | Review emails from opposing counsel regarding sanction amount |
| 5/29/2019 | Carmen Boubek | 0.90 | 117.00 | (Paralegal) Revise document produced tracking chart |
| 5/29/2019 | Sara Witthoft | 4.60 | 1,495.00 | Emails from and to Tyler Grim regarding[redacted for privilege] (.2); work on motion for partial summary judgment on damages on breach-of-contract claim and email forwarding same to clients for review and comment (4.4). |
| 5/30/2019 | Carmen Boubek | 0.50 | 65.00 | (Paralegal) Assist with the preparation of ARS's motion for partial summary judgment |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 5/30/2019 | Sara Witthoft | 4.10 | 1,332.50 | Emails from and to Doug Lowden [redacted for privilege] (.2); prepare affidavit for Melissa Kohler for motion for partial summary judgment (.9); emails to and from Doug Lowden [redacted for privilege] (.5); continue to work on motion for partial summary judgment (2.2); work with Carmen Boubek with respect to exhibits in lieu of statement of facts in compliance with case management order (.3). |
| 5/31/2019 | Brad Shwer | 1.50 | 562.50 | Finalize and review motion for partial summary judgment on damages |
| 5/31/2019 | Carmen Boubek | 1.30 | 169.00 | (Paralegal) Continue to assist with the preparation of ARS's motion for summary judgment |
| 5/31/2019 | Sara Witthoft | 6.90 | 2,242.50 | Review and consider emails from Doug Lowden regarding[redacted for privilege] (.9); telephone call (voicemail) and follow up email to Doug Lowden regarding [redacted for privilege] (.4); review and revise motion for partial summary judgment on damages (2.1); review and revise affidavit for Melissa Kohler (.4); work with Carmen Boubek to finalize exhibits for said motion (.9); prepare affidavit for Cheryl McLaws and emails from and to Doug Lowden[redacted for privilege] (.8); review and finalize motion for partial summary judgment on breach of contract damages for filing (1.4). |
| 6/3/2019 | Sara Witthoft | 0.70 | 227.50 | Emails from and to Doug Lowden regarding [redacted for privilege] (.2); email to Matt Kelly regarding adjustment to briefing schedule (.2); emails from and to Kevin McCoy regarding same (.3). |
| 6/4/2019 | Sara Witthoft | 1.60 | 520.00 | Review and analyze Am. Power Prods. v. CSK Auto, Inc. with respect to "prevailing party" designation for fee shifting purpose |
| 6/9/2019 | Brad Shwer | 1.00 | 375.00 | Review final motion for partial summary judgment on damages and assess related issues |
| 6/11/2019 | Carmen Boubek | 0.40 | 52.00 | (Paralegal) Prepare joint motion to extend deadline to file plaintiff's motion for partial summary judgment reply |
| 6/11/2019 | Sara Witthoft | 0.50 | 162.50 | Revise draft joint motion and proposed order to extend deadline for reply in support of motion for partial summary judgment on damages on Count I, and email forwarding same to Matt Kelly and Kevin McCoy for review |
| 6/12/2019 | Sara Witthoft | 0.30 | 97.50 | Emails from and to Matt Kelly regarding authorization to sign and file joint motion to extend deadline for filing reply in support of motion for partial summary judgment, and finalize same for filing. |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 6/13/2019 | Sara Witthoft | 1.50 | 487.50 | Review and analyze case status and next steps (.5); review Judge Lanza's order granting motion to extend deadline for reply in support of motion for partial summary judgment on contract damages (.1); further analyze American Power Products case with respect to fee shifting provision of ARS 12-341.01 being incorporated into prevailing party provision in billing agreement (.9). |
| 6/19/2019 | Carmen Boubek | 2.00 | 260.00 | (Paralegal) Analyze client documents for update of tracking chart |
| 6/20/2019 | Carmen Boubek | 1.00 | 130.00 | (Paralegal) Continue to analyze documents for revision of tracking chart |
| 6/21/2019 | Sara Witthoft | 0.40 | 130.00 | Email to Doug Lowden and Tyler Grim regarding [redacted for privilege] |
| 6/26/2019 | Sara Witthoft | 0.60 | 195.00 | Emails from and to Matt Kelly regarding extension of deadline for SESH's response to motion for partial summary judgment on contract damages (.2); review and revise draft motion and propose order regarding said extension, and email to Matt Kelly regarding authority to sign and file same with modifications (.3); review minute entry order granting same (.1). |
| 7/9/2019 | Sara Witthoft | 1.20 | 390.00 | Initial review and analysis of SESH's response in opposition to motion for partial summary judgment on damages and emails to and from Tyler Grim and Doug Lowden regarding [redacted for privilege] |
| 7/11/2019 | Brad Shwer | 1.50 | 562.50 | Initial review of response to partial MSJ |
| 7/15/2019 | Brad Shwer | 2.00 | 750.00 | Further assessment of opposition to motion for summary judgment on breach of contract damages to assist with reply |
| 7/15/2019 | Sara Witthoft | 1.50 | 487.50 | Continue to review and analyze SESH's response in opposition to motion for partial summary judgment on damages. |
| 7/17/2019 | Sara Witthoft | 3.40 | 1,105.00 | Review and analyze arguments and authorities cited in SESH's response to motion for partial summary judgment on damages and work on reply in support of said motion. |
| 7/18/2019 | Sara Witthoft | 3.10 | 1,007.50 | Work on reply in support of motion for partial summary judgment on contract damages. |
| 7/19/2019 | Sara Witthoft | 3.40 | 1,105.00 | Work on reply in support of motion for summary judgment on damages (3.2); emails to and from Doug Lowden regarding [redacted for privilege] (.2) |
| 7/22/2019 | Sara Witthoft | 6.20 | 2,015.00 | Continue to prepare reply in support of motion for summary judgment on damages on breach-of-contract claim. |
| 7/23/2019 | Brad Shwer | 1.10 | 412.50 | Review reply in support of partial motion for summary judgment |

| Date | Name | Amount | Hours | Description |
|---|---|---|---|---|
| 7/23/2019 | Sara Witthoft | 1,202.50 | 3.70 | Continue to prepare reply in support of motion for summary judgment on damages on breach of contract claim (5.7); prepare draft supplemental affidavit for Melissa Kohler (.8); email to Doug Lowden [redacted for privilege] (.2). |
| 7/24/2019 | Sara Witthoft | 357.50 | 1.10 | Read and consider email from Doug Lowden regarding [redacted for privilege] |
| 7/25/2019 | Carmen Boubek | 65.00 | 0.50 | (Paralegal) Assist with the preparation of reply to partial motion for summary judgment |
| 7/25/2019 | Sara Witthoft | 1,885.00 | 5.80 | Emails from and to Doug Lowden regarding [redacted for privilege] (.4); revise and finalize said reply (4.9); review final, as-filed version of reply and email forwarding same to Doug Lowden (.5). |
| 7/26/2019 | Sara Witthoft | 65.00 | 0.20 | Read and consider SESH's motion for leave to file surreply in response to motion for partial summary judgment. |
| 7/29/2019 | Sara Witthoft | 130.00 | 0.40 | Review order granting SESH's motion for leave to file surreply and email to clients regarding same. |
| 8/13/2019 | Sara Witthoft | 195.00 | 0.60 | Review and analyze SESH's surreply filed in opposition to motion for partial summary judgment on damages on breach-of-contract claim and email to Tyler Grim and Doug Lowden regarding [redacted for privilege] |
| 12/4/2019 | Sara Witthoft | 75.00 | 0.20 | Telephone call from Tyler Grim regarding[redacted for privilege] |

# EXHIBIT 2

# THORPESHWER

December 12, 2018

***Via Email and First Class Mail***
Tyler Grim
Associate General Counsel
Advanced Reimbursement Solutions
19820 N. 7th Avenue
Suite 230b
Phoenix, Arizona 85027
tylerg@advancedreimbursement.us

Re:    Representation of Advanced Reimbursement Solutions, LLC in the case, *Advanced Reimbursement Solutions, LLC v. Spring Excellence Surgical Hospital, LLC, et al.*, Case No. CV-17-01688-PHX-DLR, In the United States District Court for the District of Arizona

Dear Tyler:

I am writing to confirm the terms of Thorpe Shwer's representation of Advanced Reimbursement Solutions, LLC ("ARS") in connection with the above-referenced litigation. We appreciate the opportunity to work with you in this matter.

We will bill at hourly rates for our efforts devoted to this dispute. Partners, including Brad Shwer and Andrea Marconi, will charge an hourly rate of $375. Of counsel attorneys who may work on this matter, including Sara Witthoft, will charge an hourly rate of $325. Associate attorneys billing on this matter will charge an hourly rate of $285. Certain tasks may also be assigned to paralegals at an hourly rate of $130. Our rates may change periodically. Billings for services will be based on the factors described in the enclosed Terms of Engagement. We will bill monthly and expect payment within 30 days. Depending on the scope of work to be performed in connection with this dispute, we may require the payment of a retainer. We will discuss and agree upon the terms of that retainer, if necessary, at a future date. I encourage you to contact me with any questions or comments you may have in the future regarding our statements or services.

Please review this letter and the enclosed Terms of Engagement, which are incorporated herein, and if the terms and conditions of the engagement are satisfactory, please sign and return to me the enclosed copy of this letter.

Tyler Grim
Advanced Reimbursement Solutions
December 12, 2018
Page 2 of 2

Please call if you have any questions. We look forward to working with you.

Sincerely,

THORPE SHWER, P.C.

*Andrea L. Marconi*

Andrea L. Marconi

I have reviewed this letter and the enclosed Terms of Engagement and I agree to the terms and conditions in both.

_____        By: _____
Date

Printed Name: _____

9062104

Phone (602) 682-6100 | Fax (602) 682-6149 | Toll Free (844) 234-6100
3200 North Central Avenue, Suite 1560 | Phoenix, Arizona 85012 | www.thorpeshwer.com

## TERMS OF ENGAGEMENT

TO OUR CLIENTS:

Thorpe Shwer's standard terms of engagement for providing legal services are summarized below. These terms are an integral part of our agreement to provide you with legal services. Please contact us promptly after reading these terms if you have any questions.

1.    **Who is Our Client?**  It is our policy to represent only the person or entity identified in our engagement letter.  Unless specifically stated in that letter, our representation of you does not extend to any of your affiliates, employees, officers, shareholders, or any entities in which you own an interest.  If you are a partnership, our representation does not extend to the individual partners of the partnership.  If you are a trade association, our representation excludes members of the trade association.  If you are an individual, our representation does not include your spouse, siblings, or other family members.  In addition, the advice and communications which we render on your behalf are not intended to be disseminated to or relied upon by anyone else without our written consent.

2.    **Conflicts.**

(a)    The firm represents many other companies and individuals.  It is possible that during the time that we are representing you, some of our present or future clients will have disputes or transactions with you.  You agree that we may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse to your interests, including in litigation.  We agree, however, that the above consent shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature that, if known to such other client, could be used in any such other matter by such client to your material disadvantage.  In similar engagement letters with many of our other clients, we have asked for similar agreements to preserve our ability to represent you.

(b)    In addition, you agree that we may disclose the fact of our representation of you, without disclosing the nature of such representation, to other current or future clients that may be adverse to you for the purpose of obtaining such other clients' consent to any conflict of interest that may be presented by our representation of you and such other client.  We will not disclose to the other client any confidential information pertaining to our representation of you.

3.    **Fees.**  We encourage you to discuss with us at any time any questions you might have concerning our billing procedures.  We charge fees that are reasonable based on criteria for reasonableness set forth in the Arizona Rules of Professional Conduct, which include the time, effort and skill required to perform the services properly, the novelty and complexity of the issues, time constraints imposed by the client or by the nature of the matter, the degree of risk imposed on the lawyer, the amount involved and the results achieved.  In many cases, the fees billed will be based in substantial part on our standard hourly billing rates.  Standard hourly rates may change periodically, and any changes will be reflected in our monthly billing statements.

4.    **Billing and Costs.**

(a)    We ordinarily bill monthly. We request that you review any billing statements promptly upon receipt to determine if you have any questions or comments. Payment is due within 30 days from the date of our billing statements. We bill for all costs advanced for items such as filing fees, expert witness fees and travel expenses. Bills will also include charges for other costs, such as long distance telephone charges, document reproduction costs ($.10 per page), messenger charges, and under certain circumstances, secretarial overtime, including related overhead in appropriate instances. Any changes in these routine charges will be reflected in our monthly billing statements.

(b)    We make every effort to include disbursements in the statement for the month in which the disbursements are incurred. However, some disbursements, such as telephone charges, are not available to us until sometime after the month in which the service related to the charge was performed, in which case either a supplemental statement will be prepared, or an estimated amount will be included in the initial billing and an adjustment made when the actual disbursement information is available.

(c)    We may request and you agree to pay certain large disbursements, such as appraisal fees and expert witness fees, directly to the third party provider.

(d)    We look to the client for payment regardless of whether the client is insured to cover any particular risk. From time to time, we assist clients in pursuing third parties for recovery of attorneys' fees and other charges resulting from our services. These situations include payments under contracts, statutes or insurance policies. However, it remains the client's obligation to pay all amounts due to us within 30 days of receiving our statement.

5.    **Funds Deposited with Thorpe Shwer.**

(a)    **Other Funds.** Occasionally, funds due to the client will be deposited with Thorpe Shwer for the benefit of the client. Absent other agreement with the client, such funds will be deposited in a general firm trust account, with interest payable to the Arizona Foundation for Legal Services and Education.

6.    **Estimates.** Any estimates of anticipated fees that we provide, for budgeting purposes or otherwise, are, due to the uncertainties involved, necessarily only an approximation of potential fees. Such estimates are not a maximum or minimum fee quotation.

7.    **Opinions.** During the course of our representation of you, we may express opinions or beliefs concerning litigation or various courses of action and the results that might be anticipated. Any such statement is intended to be an expression of opinion only, and should not be construed by you as a promise or guarantee.

8.    **Client Responsibilities.** Recognizing that we cannot effectively represent you without your cooperation and assistance, you agree to cooperate with us and to provide promptly all information known or available to you that is relevant to the subject matter of our representation or otherwise requested by us, including any changes in the name, address, telephone number, contact person, e-mail address, state of domicile or other relevant changes regarding you or your

9062104

Phone (602) 682-6100 | Fax (602) 682-6149 | Toll Free (844) 234-6100
3200 North Central Avenue, Suite 1560 | Phoenix, Arizona 85012 | www.thorpeshwer.com

business. Failure to provide requested information could reduce the effectiveness of our representation. It is essential that we be able to reach you when needed. If you affiliate with, acquire, or are acquired by or merge with another company, you agree to provide us with sufficient notice to permit us to determine whether such affiliation, acquisition or merger creates a conflict of interest between any of our clients and the other party to such affiliation, acquisition or merger.

9.    **Credit Checks.** Depending on the nature of our representation of you, we may from time to time request information from credit reporting agencies for the purpose of verifying or considering your credit status. Your engagement of Thorpe Shwer will constitute your authorization to perform such credit checks.

10.    **Representation of Lawyers.** We sometimes represent lawyers and law firms, and we are sometimes represented by other lawyers and law firms in matters unrelated to our representation of you. Because we do not believe these representations will materially limit our responsibilities to you or will otherwise adversely affect our representation of you, we do not believe these representations present conflicts of interest, including where any such firm also represents a client whose interests are opposed to yours in either a litigation or transactional setting. If, however, you have any concerns about whether such a relationship exists between this firm and the law firm that represents a client whose interests are adverse to yours in connection with this representation, please ask us whether there is any such relationship and we will attempt to address your concerns. Otherwise, you agree that we may represent or be represented by lawyers or law firms that also represent clients whose interests are adverse to yours.

11.    **Renewals and Updates.** We do not undertake to renew or maintain any trademarks, trade names, patents, UCC financing statements, judgments or other filings unless (i) otherwise specifically agreed upon in writing, and (ii) we are currently representing you at the time such renewal is required. As a matter of courtesy only, we may from time to time voluntarily provide you with notices of future events or activity affecting your rights related to such filings or other documentation we have prepared, but any such notices shall not be regarded as evidence of an obligation to provide them to you or any assurance that such notices will be provided in the future.

12.    **Termination.** Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct and our obligation to give you reasonable notice to arrange for alternate representation. The engagement shall also terminate on the completion of our services hereunder. Our relationship will also be considered terminated if no matters are pending and there have been no communications between us for three months or more, unless otherwise agreed to in writing. You will remain obligated to pay for fees and costs incurred prior to termination.

13.    **Post-Engagement Matters.** Unless our engagement is by its nature a continuing one (as when we are initially engaged to handle one of a series of separate matters that will be referred to us in connection with an ongoing project) or unless the engagement letter specifically reflects that our engagement is intended to continue beyond the current matter, our engagement will cease upon completion of the matter for which you have engaged us. Upon conclusion of the tasks we have been asked to perform in connection with this engagement, we will have no duty to inform you of future developments or changes in the law affecting any of your interests including your interests in the matter subject to this engagement. To the extent that we voluntarily provide

you with newsletters, documents or information concerning such matters following the conclusion of this engagement, such provision shall be considered a matter of courtesy only and shall not be considered the fulfillment or basis of any duty or the re-establishment of any attorney-client relationship.

14.     **Retention and Destruction of Documents.** Following the conclusion of this engagement, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment of outstanding fees and costs. Our own files pertaining to the matter, which include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work reports, prepared by or for the internal use of lawyers, will be retained by the firm. If you do not request the return of your records, your records will be destroyed following the period of time specified by our document retention / destruction policy. This period may vary depending on the nature of the engagement involved. In any event, all files may be destroyed seven years following the conclusion of the engagement.

15.     **Mediation.** As to any claim or dispute arising out of or connected with our services, we mutually agree to attempt in good faith to settle the dispute by non-binding mediation before commencing any legal action or other dispute resolution procedure.

16.     **Confidentiality.** We will maintain all information regarding your representation confidential in accordance with the Arizona Rules of Professional Conduct. From time to time we may have discussions with other lawyers for the purpose of considering their employment by Thorpe Shwer, or law firms for the purpose of considering a potential combination with such law firms. During the course of those discussions it may be necessary to disclose your identity as a client or fee and billing information relating to our representation of you. Such disclosure shall be subject to a confidentiality agreement between us and such other lawyers or law firms, and you agree that we may disclose such limited information for these purposes.

17.     **Multi-Party Representation.**

(a)     Under the Rules of Professional Conduct, we are permitted to represent multiple clients in a matter as long as we can adequately represent the interests of each client and each client knowingly consents to the joint representation. If this matter involves our representation of multiple clients, either at the commencement or during the course of the representation, we believe, based on the information available to us at the time of undertaking the joint representation, that there are no conflicts of interest among the clients that would prevent us from undertaking their joint representation. Accordingly, we will share all material information relating to the representation with all clients; although our communications with one or more of you are protected by the client-attorney privilege *vis-à-vis* all third parties, information any one of you shares with us is not protected by the privilege among yourselves. While the interests of the multiple clients may be similar in many respects, they may not be identical and a conflict may develop at some later date. If at any time you become aware of any conflict or potential conflict between your interests and those of another client, you agree to communicate with us immediately so that we can determine whether we can continue to represent any of the clients. If the parties disagree on any issue, we will ask you to resolve your differences among yourselves, without our assistance. If you cannot resolve your differences, we will not be able to represent any one of you as to that

issue. If the differences are serious enough, we may be required by applicable ethics rules to withdraw from the matter completely.

(b)    While our bills may only be sent to one party of the multi-party representation, all parties to the representation are jointly and severally responsible for payment of our fees and costs, unless otherwise agreed to in writing.

(c)    If fewer than all parties have agreed to pay our fees and costs for the benefit of all, those clients who will not be responsible for payment of our fees and costs have consented to our joint representation of all clients notwithstanding that our fees and costs will be paid by one or more of the other clients.

18.    **Local Counsel.** If you have engaged us as Arizona counsel to work with lawyers outside Arizona whom you have engaged for the specific purpose of having overall responsibility for the matter for which you have engaged us ("nonresident counsel"), our responsibility will be limited to consulting with nonresident counsel about matters of Arizona law and procedure. Notwithstanding this limitation, we will undertake any tasks necessary to comply with our obligations under state and federal rules and, pursuant to direction from nonresident counsel, we will undertake other tasks and responsibilities necessary to accomplish the goal of the representation. Performing services as local counsel requires us to review correspondence and pleadings sufficient to understand the tasks we may be requested to perform, fulfill our obligations under state and federal rules, and respond to inquiries from parties, counsel, courts, and governmental agencies. The reasonable time required for these activities will be billed and paid in accordance with these Terms of Engagement.

19.    **Representation of Attorneys.** If you are an attorney or a law firm, our work on your behalf will be limited to the work described in the accompanying engagement letter. Because we may represent clients in business and litigation matters where your firm represents a party with interests adverse to those of our other clients, the potential exists that actions taken by Thorpe Shwer on behalf of its clients could directly or indirectly impact you and your firm. Examples are claims of conflict of interest, requests for discovery sanctions, and objections to fee applications. Accordingly, our representation of you and your firm is with the understanding that you consent to any conflict of interest with respect to our representation of other clients with respect to such matters.

20.    **Representation of Spouses.** Spouses can have differing, and sometimes sharply conflicting, interests and objectives regarding matters such as estate plans. If each spouse had their own separate attorney, each would have an "advocate" for their position and each would receive totally independent and confidential advice from their own attorney. All information given to the separate attorney would be confidential, and none of that information could be disclosed to the other spouse without consent. This is not the case when one firm advises both spouses jointly. If we represent both spouses, we cannot be an advocate for one against the other. Information that either spouse gives to us cannot and will not be kept by us from the other spouse. If you have asked us to advise you jointly, our effort will be to assist you jointly and encourage the resolution of any differences of opinion or conflicting interests in an equitable and logical manner. As to those matters on which your individual interests may differ, we will attempt to explain to both of you the interests of each of you, and the effect on each of you of a particular course of action. If at any time during our representation of you either spouse wishes to retain separate counsel, the

one desiring separate counsel may terminate our representation and we will be free to continue to represent the other spouse. However, we will be unable to continue to represent either spouse, without the consent of the other, in this or any substantially related matter in which your interests may be adverse. If we conclude that a serious or potentially serious conflict of interest between the spouses has developed, or is likely to develop, and that we should therefore not continue to represent either spouse, we will promptly notify both of you that we can no longer continue to represent either of you. In that event we will not be obligated to disclose to either spouse the precise reason or reasons why we have concluded that we should discontinue the representation.

21.    **Representation of Employees and Employers.** If we are representing both an employer and employee as joint clients, we have formed a judgment that employee's and employer's interests are sufficiently aligned that no conflict of interest is presented by the joint representation. If employer has agreed to pay our fees and expenses for both employer and employee, employee consents to such payment by employer. We urge employee, however, to consult with another attorney of her or his choice about our representing both employee and employer. Either party has the right to discharge us at any time, for any reason. If we learn something from either employee or employer that is relevant and material to the other concerning this matter, each agrees that we will share such information with the other, even if it is something employee or employer would otherwise want to be kept secret. If at some point we believe a conflict exists or is likely to develop between employee and employer, employee agrees that we may withdraw from representing employee and continue representing employer. Moreover, employee agrees that we will be permitted to use information gained from employee to defend employer, even if the information is something employee would want to be kept secret. Employee also agrees that we will be permitted to use this information if employee discharges us.

22.    **Insurance Coverage.** If the services we are engaged to perform relate to the defense of your intellectual property rights, or other interests in litigation, your comprehensive general liability or other liability insurance may provide some reimbursement for the associated legal fees. You should contact your insurer or broker to determine the nature and extent of any applicable coverage. Our representation does not include responsibility for review of your insurance policies to determine the possibility of coverage for the matters subject to our representation, or for notification of your insurance carriers about the matter. It is the client's responsibility to pay the firm for services rendered and to obtain reimbursement from any insurer, unless we have otherwise agreed with you and your insurer.

23.    **Representation of Insureds.** If our representation of you arises out of a matter for which you have insurance, and your insurance company has agreed to pay our fees and costs, you consent to our representation of you in such matter notwithstanding the payment of our fees and costs by an insurance company. We have accordingly formed a judgment that such payment will not interfere with our independent professional judgment or our relationship with you, our client. Moreover, information relating to your representation will be kept confidential unless you consent to its disclosure.

24.    **Federally Regulated Financial Institutions.** If you are a federally regulated financial institution, our engagement, unless expressly described otherwise in the accompanying engagement letter, will be limited to assisting you with the structuring, negotiation, documenting and closing of your financing transactions, and conducting a legal review (the scope of which will be defined at the commencement of each separate transaction) of certain due diligence matters

pertaining to each prospective borrower's business. In connection with the foregoing, we will also assist you with the federal regulatory aspects of your receipt of equity enhancements (*e.g.*, warrants and success fees) in connection with your financing transaction and the effect on, and applicability to, your financing transaction of federal margin stock laws and regulations; however, if we are not your counsel with respect to general corporate compliance matters, we will not otherwise undertake any responsibility for assuring that, with respect to any of the financing transactions, you will be complying with applicable state or federal laws and regulations because of your legal or regulatory status or because of the general nature of your business, including, without limitation, capital adequacy requirements, lending limits, restrictions on affiliate and insider transactions, rules regarding interlocking boards of directors, governmental reporting and licensing requirements, and federal, state or local tax matters. Of course, you may limit or expand the scope of our representation from time to time, provided that any such expansion is agreed to by us.

We are pleased to represent you and we look forward to a mutually satisfying relationship. Again, if at any time you have a question or concern, please feel free to bring it to the attention of the attorney or attorneys responsible for your representation at Thorpe Shwer.